SARAH OHRBACH, Respondent, *v.* THE PREFERRED ACCIDENT INSURANCE COMPANY OF NEW YORK, Appellant.

First Department, November 29, 1929.

*Harold R. Medina* of counsel [*Harry A. Talbot*, attorney], for the appellant.

*Emanuel S. Cahn* of counsel [*S. Earl Levene*, attorney], for the respondent.

MARTIN, J. On June 8, 1924, the plaintiff was injured while riding in an automobile owned and driven by her son, Samuel Ohrbach, the holder of a liability insurance policy issued by the defendant insurance company. The plaintiff within a few days thereafter instituted an action against her son and recovered a judgment. Execution was then issued against the insured and returned unsatisfied. The plaintiff has brought this action against the defendant insurance company to compel it to pay the amount of the policy which it issued to the insured.

The appellant contends that plaintiff's success in the action to recover damages for personal injuries was made possible by the testimony of the insured, her son, whose testimony describing the accident constituted a practical admission of liability. The

appellant further contends that it has a defense to this action in view of the provisions of the policy requiring the insured at all times to render to the insurance company his full aid and co-operation in defending any action that might during the life of the policy and within its terms be instituted against him.

It is argued that from the testimony given by the insured it clearly appeared that the plaintiff and the insured had collusively planned that the insured would testify in a manner that would permit the plaintiff to recover a judgment.

The sole issue submitted to the jury was whether the insured had furnished the co-operation required by the policy. The defendant insurance company contends that the verdict of the jury in favor of the plaintiff on that issue is against the weight of the credible evidence.

Three days after the accident and before the commencement of the action by his mother, Samuel Ohrbach furnished the defendant insurance company with a statement from which it appeared that the responsibility for the accident was placed solely on the operator of an automobile coming in the opposite direction and on the wrong side of the road. Ohrbach stated that he was traveling at the rate of about twenty-five miles an hour in open country and was about two feet from the right shoulder of the road; that immediately before the accident he had slowed down because the road was ripped up; that he had just cleared the part of the road under repair and was a few feet from it when he was suddenly confronted by an automobile approaching in the opposite direction on the wrong side of the road. He stated that the other car had not been visible to him prior to the time of the accident because there was a turn in the road, and in order to avoid a collision he turned his automobile to the left, off the road into a telegraph pole at the side of the highway. His statement describing the accident concludes as follows: " The party to blame for this accident was the car approaching from the opposite direction and which was on the wrong side of the road."

A defendant has not given full support to an insurance company in the defense of an action when he misleads the company by placing the blame for the accident on the operator of another car which he says caused him to run into a pole, and then goes upon the witness stand after he has lulled the insurance company into a sense of security and admits that he was responsible for the accident in order that the plaintiff may eventually recover against the insurance company.

Although the jury found against the insurance company the finding was clearly against the weight of the credible evidence. The appellant also contends that the court should have submitted

more than one question to the jury. The colloquy which took place between the court and counsel for the defendant emphasized the fact that the court erroneously limited the issues.

" Mr. Bruenner: Now, I ask to go to the jury on any and all questions of fact in the case, and I ask to go to the jury on the question as to whether or not the assured co-operated with the defendant in the defense of the action of *Ohrbach* v. *Ohrbach* before Mr. Justice BLACK. The Court: I will submit that question to the jury, and that alone. Mr. Bruenner: I take it that is the only question in the case. The Court: That is right."

The court then stated that the only question of fact submitted for their decision was " whether or not Samuel Orhbach, the insured, co-operated with the defendant in the defense of the action of *Ohrbach* vs. *Ohrbach*." The court instructed the jury to return a verdict for the plaintiff if their answer was in the affirmative, and for the defendant if in the negative.

It may be that although there was no co-operation by the insured with the insurance company, and the evidence in the record points to that conclusion, nevertheless the defendant by its failure to act promptly may have waived its right to enforce that defense.

The action having been tried upon the theory that there was but one issue before the court for decision, and the case having been submitted to the jury on that single issue, it will be observed that the issue of waiver was not considered. In the event of a new trial, the defendant would be entitled to have both issues, that of co-operation and that of waiver, submitted to the jury.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

DOWLING, P. J., FINCH, MCAVOY and O'MALLEY, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.