S. & E. MOTOR HIRE CORPORATION, Respondent, *v.* NEW YORK INDEMNITY COMPANY, Appellant.

(Argued October 13, 1930; decided November 18, 1930.)

*Everett W. Bovard* for appellant. The plaintiff failed to establish a waiver of the provision of the policy with respect to the chauffeur's age. (*Birdsall* v. *Russell*, 29 N. Y. 220; *Claflin* v. *Lenheim*, 66 N. Y. 301.) Even if the defendant was put upon inquiry as to whether the chauffeur was employed in violation of the policy provision as to age, nevertheless having made due investigation without obtaining knowledge of the unlawful age of the chauffeur, defendant is not chargeable with notice. (*Cambridge Valley Bank* v. *Delano*, 48 N. Y. 326; *Dutchess Co. M. Ins. Co.* v. *Hatchfield*, 73 N. Y. 226; *Acer* v. *Westcott*, 46 N. Y. 384.)

*George H. Engelhard* for respondent. The information obtained by the defendant's agents was such as should have aroused, and actually did arouse, their suspicion as

to the driver's age, and it placed on them the duty of making further inquiry and of determining whether or not they should disclaim liability under the policy. (*Titus* v. *Glens Falls Ins. Co.*, 81 N. Y. 410; *Rosenwasser* v. *Globe Indemnity Co.*, 224 N. Y. 561; *Gerka* v. *Fidelity & Casualty Co.*, 251 N. Y. 51; *Glens Falls Cement Co.* v. *Travellers Ins. Co.*, 11 App. Div. 411; 162 N. Y. 399; *Reynolds* v. *Commerce Fire Ins. Co.*, 47 N. Y. 597; *Skinner* v. *Noerman*, 165 N. Y. 565; *Birdsall* v. *Russell*, 29 N. Y. 220; *Claflin* v. *Lenheim*, 66 N. Y. 301; *Fidelity Deposit Co.* v. *Queens Co. Trust Co.*, 226 N. Y. 225.)

LEHMAN, J. By the terms of a policy of insurance issued to the plaintiff, the defendant bound itself to indemnify the plaintiff against "loss from the liability imposed by law upon the Assured on account of bodily injuries * * * suffered * * * by any person or persons by reason of the ownership, maintenance or use of the automobiles described in the policy," and also "to defend in the name and on behalf of the Assured suits for damages * * * brought on account of such injuries." From the coverage of the policy, loss occasioned by "accidents occurring while the automobiles are being operated * * * by any person in violation of law as to age" was expressly excluded.

An accident occurred while one of the automobiles described in the policy was being operated by an employee of the plaintiff who was under eighteen years of age. Since under the statute (Highway Law; Cons. Laws, ch. 25, § 282, as then in force) no license might be granted to an operator under the age of eighteen, the defendant under the terms of the policy was not obligated to indemnify the plaintiff against liability for damages occasioned by the accident or to defend suits brought for such damages.

The defendant nevertheless did undertake to defend a suit brought by a party injured in the accident. When

the case was called for trial, counsel for the injured party informed the defendant's trial counsel that the chauffeur was under eighteen years of age at the time of the accident. Then the insurance company abandoned the defense. The suit for the injuries caused by the accident was settled by the assured for about $10,000, under a stipulation made with the insurance company that such settlement might be made without prejudice to the rights of either party. The insured now seeks reimbursement from the insurance company for the amount paid under the settlement.

The issue in the case is narrow. The plaintiff can recover only upon proof that the insurance company waived the benefit of the clause excluding from the coverage of the policy accidents which occur while an automobile is operated by a chauffeur under the age of eighteen. This court has frequently pointed out that waiver is an intentional relinquishment of a right and ordinarily must be predicated upon full knowledge of all the facts upon which the existence of the right depends. (*Kiernan* v. *Dutchess County Mutual Ins. Co.*, 150 N. Y. 190; *Clark* v. *West*, 193 N. Y. 349; 2 Williston on Contracts, § 697.) The trial court has decided that the insurance company by undertaking the defense of the suit did not waive its right to limit its contractual obligation in accordance with the terms of its contract, for at that time it had no knowledge of the fact that the chauffeur was under the age of eighteen. The Appellate Division reversed that decision and held as a matter of law that even if the insurance company did not have actual knowledge of the chauffeur's age, it did have knowledge sufficient to put it on inquiry as to the chauffeur's true age.

We may assume that when the insurance company undertook the defense it had notice of facts sufficient, at least, to arouse suspicions that the chauffeur might be under the lawful age. The chauffeur had never been granted a license to operate the car. He had in his possession a license granted to a person of different name,

and he was employed under that assumed name. The insured furnished the insurance company with a statement made by the chauffeur in which he represented his age as eighteen. To the investigator for the company the chauffeur represented his age as twenty. The company accepted that statement and acted upon it until further information, received on the day the case was called for trial, showed its falsity. Perhaps even while acting upon it the insurance company may have harbored suspicions of its falsity. Even then, the question remains whether as matter of law it was bound to reject the statement furnished by the defendant and the subsequent statement made to it by the chauffeur, or at least to make further inquiries, before it acted upon them.

In the case of *Skinner* v. *Norman* (165 N. Y. 565, 570) this court, in an opinion by CULLEN, J., said: " Ordinarily the rule is stated that one will not be held to have waived his rights unless it is shown that he has acted with a full knowledge of the facts, but precision requires the qualification ' or where it was his bounden duty to know them,' " citing *Finley* v. *Lycoming County Mutual Ins. Co.* (30 Penn. St. 311). Where a person is under a duty to inquire before he takes action, he may be said to be under a " bounden duty to know " those facts which a reasonable inquiry would disclose. Reference to where a fact can be ascertained may *in such case* be " equally effective as a notice " of the fact itself. So the court said in *Reynolds* v. *Commerce Fire Ins. Co. of New York* (47 N. Y. 597). There the agent of the insured, before a policy was issued, referred the insurance company to a third party for information as to the nature of the business carried on in the premises for which insurance was sought, and the insurance company chose to issue the policy without further inquiry. " *In such a case,*" the court said, " whatever is notice enough to excite attention, and put a party upon his guard and call for inquiry, is notice of everything to which such inquiry might have led. When a person has sufficient information to lead

him to a fact, he shall be deemed conversant with it."
(Italics are ours.) What the court said, as well as what
it decided, applied only to the particular case under
consideration, where the insurance company chose to
remain in ignorance of facts, though the applicant had a
right to assume that inquiry would be made before action
was taken.

We need not now define the entire field of application
of the principles of constructive notice. Some limits
were pointed out by the court in *Skinner* v. *Norman*
(*supra*). " We do not mean to suggest that the principles
of constructive notice which obtain as to alleged *bona
fide* purchasers of real estate, negotiable instruments or
the like, equally apply in the negotiations between an
insurance company and an applicant for insurance. It is
the duty of such applicant to comply with the conditions
of the policy and to give the information requisite for
its validity. The company may rely on the presumption
that the insured has stated all the material facts and as
a rule is not bound to make inquiries."

So, here, the insurance company was bound by the
policy to defend any suit for injuries caused by the auto-
mobile of the assured unless the accident occurred when
the automobile was being operated " by any person in
violation of law as to age." When the insurance company
was called upon to defend the action which was brought
against the assured, it was not bound to inquire whether
the law was violated before it undertook the defense.
Especially where the assured furnished the insurance
company with an affidavit from the operator stating that
he was eighteen years of age the insurance company
might rely upon the information received and that the
assured had not employed a chauffeur under the lawful
age. Suspicion that the information given it might be
untrue would perhaps be sufficient notice to require
further inquiry if the insurance company were asserting
rights against the assured based on ignorance of the true

facts. Here the assured must show that the insurer has waived its rights, stipulated in the policy, by failure to assert them earlier. If the insurance company had known the facts upon which its rights depended, failure to assert them at the proper time might permit the inference that it intentionally waived its rights. The intention to waive those rights might even be inferred from deliberate disregard of a notice sufficient to excite attention and call for inquiry, but there are no circumstances in this case which require, as matter of law, the inference that the insurer intended to waive its contractual rights. Indeed, it is doubtful whether such an inference might have been drawn even by the trier of the facts. Upon the information furnished to the insurer it would have breached its contract if it had failed to defend the suit. It was not, at peril of losing its contractual rights, required to inquire whether the information so furnished was false before it undertook the defense.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

CARDOZO, Ch. J., POUND, CRANE, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment reversed, etc.