OTTO J. KRAUS, Respondent, *v.* FIFTH AVENUE COACH COMPANY, Appellant.

First Department, November 6, 1931.

*William Dike Reed* of counsel [*Jenkins, Dimmick & Finnegan,* attorneys], for the appellant.

*Thomas J. O'Neill* of counsel [*Leonard F. Fish* with him on the brief], for the respondent.

O'MALLEY, J. The judgment appealed from fixes the liability of the defendant Fifth Avenue Coach Company to plaintiff for personal injuries sustained. Defendant's negligence is predicated upon the act of its chauffeur in permitting a coach which he was operating to back against the plaintiff while the latter was attempt-

ing to crank his motor truck preparatory to leaving a ferry boat as it came to a landing in a slip at Liberty street, New York city. The defendant's coach was first in line on the left side of the ferry boat and plaintiff's truck was immediately to its rear, a space of about six feet intervening between the vehicles.

The issue litigated was whether the motor on defendant's coach was running and in gear when defendant's coach backed against the plaintiff or whether such backward movement was precipitated by the ferry boat's swaying on the waves and tide as it came to a landing in the slip. Defendant's evidence tended to show that the coach moved backward when the deckhand of the boat removed the " chocks " from behind the rear wheel and that such movement was caused by the natural sway of the boat. Its evidence was also to the effect that at the time of the accident the motor on its truck had not been started.

The complaint charged that the accident was caused by the motor on defendant's coach being started while in reverse gear. These allegations the plaintiff attempted to establish on the trial.

The issue thus presented was resolved in favor of the plaintiff and the jury's finding has support in the evidence. However, an award of damages entirely excessive in amount resulted and the defendant's appeal is predicated upon the ground that the result, both as respects liability and damages, was achieved through prejudicial conduct on the part of plaintiff's trial counsel. Our conclusion is that appellant's contention with respect to the amount of the recovery at least, is well founded, and that the interests of justice require a reversal of the judgment and a new trial.

The chauffeur of defendant's coach was not called as a witness. Defendant offered evidence to show merely that he was no longer in its employ. His present whereabouts was not accounted for by either side and no attempt to secure his attendance was shown. The basic prejudicial error charged is that the jury were improperly influenced by an alleged hearsay statement as to the cause of the accident made by the defendant's chauffeur.

Plaintiff's witness Walling on direct examination was asked whether when the bus started he heard anything on the bus, and answered that he "heard the hum of the motor." He was then asked by plaintiff's counsel: " Q. You heard the starter? A. Yes, sir; when he stepped on the starter." Objection to this question and answer being sustained, the witness when again asked by plaintiff's counsel as to what he heard, replied that he heard the hum of the motor and also stated that the bus " came back with a heavy jar pinning Otto Kraus against the radiator, and the bus driver made a remark that he accidentally had his foot on —."

Objection again having been sustained, plaintiff's counsel continued: " Q. Well, the bus driver told you how it happened? "

Another objection having been sustained, plaintiff's counsel then made inquiry of defendant's counsel where the chauffeur was and if the defendant had him in court. To this defendant's counsel replied that the chauffeur was no longer in defendant's employ.

In reply to a question by the court as to the cause of the coach going forward after it hit the plaintiff, the same witness replied: " The driver the minute he had it in reverse actually stepped on the self-starter."

In striking out the answer, the court remarked, among other things: " I suppose that is what he thought he did," whereupon plaintiff's counsel stated: " No, he says that the bus driver told him."

Following instructions by the court that the remarks of the witness should be disregarded, the following colloquy occurred: " Mr. Reed: And if the witness has said anything like any statement from any driver I ask your Honor to direct the jury to disregard that and strike it from the record. The Court: Well, he has not said anything. He started to say it but did not say it. Mr. O'Neill: Mr. Reed heard it."

On redirect examination the witness was asked by plaintiff's counsel if on the morning of the trial he and other witnesses for plaintiff when asked (by plaintiff's counsel) what they knew of the accident, had told how it happened. The witness replied in the affirmative and plaintiff's counsel then asked: " Q. And you and the others told me what you knew? A. Yes, sir. Q. Including what the bus driver said? "

Objection to this question and answer was sustained.

Later, another of plaintiff's witnesses was asked by his counsel whether he was present when the driver of the bus made a statement as to why he had backed. When objection thereto was made the question was withdrawn " at the present time." Still another witness was questioned as follows: " Q. Were you present when the driver right then and there that day made a statement of why this thing happened? Mr. Reed: I object to it as incompetent, immaterial and irrelevant. The Court: I will allow him to say whether he was present or not. You can answer. A. What do you mean, when he made out the report? Q. No, when he told the policeman and told the ambulance driver, and told — Mr. Reed: I object. Stop."

The objection was sustained and the witness was permitted to state whether he was present when there was any conversation.

A similar question was asked on cross-examination of the defend-

ant's witness Raushauser, who was an attendant on the bus and who was in close proximity to defendant's chauffeur at the time the accident happened, as follows: " Q. Don't you know at the time of this accident that the driver stepped on the starter? A. No, sir. Q. You do not know that? A. No, sir. Q. Are you aware of the fact that in the absence of the driver, the defendant having failed to bring him here, that you are being produced here to make out this defense for your company?"

After objection to the question as improper was sustained, defendant's counsel requested the court to caution plaintiff's counsel, the court replying, " No, I cannot caution."

The alleged statement of defendant's chauffeur was not shown to be a part of the res gestœ. It comes within the principle stated in Luby v. Hudson River Railroad Co. (17 N. Y. 131), where the court said (p. 133): " The declaration was no part of the driver's act for which the defendants were sued. It was not made at the time of the act, so as to give it quality and character. The alleged wrong was complete, and the driver, when he made the statement, was only endeavoring to account for what he had done."

Even if the chauffeur himself had been called as a witness, his alleged declaration would not be binding upon the defendant. While he could have been properly cross-examined with respect thereto, such examination would be for the purpose merely of affecting his credibility, and the defendant's counsel would have been entitled to a specific charge that any testimony elicited with respect to the declaration was received for such limited purpose. (Moore v. Rosenmond, 238 N. Y. 356; Schwartz v. Lawrence, 214 App. Div. 559.)

Complaint is also made that plaintiff's counsel in his summation to the jury indulged in inflammatory remarks calculated to prejudice the defendant. These related to defendant's failure to call the chauffeur as a witness or to account for his absence. Without passing upon this additional alleged misconduct, we are of opinion that it has been sufficiently made to appear because of the persistent efforts of plaintiff's counsel to inject into the case incompetent evidence, that the defendant was not accorded a fair trial of the issues to which it was entitled.

It follows that the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

FINCH, P. J., McAVOY, MARTIN and TOWNLEY, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.