John H. Dingman, Respondent, v. Northwestern Casualty and Surety Company, Appellant.— Judgment reversed on the law and the facts and a new trial granted, costs to appellant to abide the event. The policy of casualty insurance upon which the plaintiff sues provided that " The assured shall at all times render to the Company all co-operation and assistance in his power " and contained the condition that " The Assured shall not voluntarily assume any liability, * * *." The finding of the jury in favor of the plaintiff on these issues was against the weight of the evidence. (Ohrbach v. Preferred Accident Insurance Co., 227 App. Div. 311.) We are further of opinion that the remarks of plaintiff's counsel at folios 80–82 and folio 633 were prejudicial because of their appeal to the passion or prejudice of the jury. Standing alone, however, they would not justify a reversal, since counsel for the defendant did not move for a mistrial. Lazansky, P. J., Young and Hagarty, JJ., concur; Kapper and Carswell, JJ., dissent from the reversal and vote to modify the judgment so as to provide that interest be allowed on the sum of $500 from the time of payment and on the balance from the time the note became due, and as thus modified, to affirm. Different versions as to the speed of the car or the side of the road it was on had no controlling bearing on the negligent act of Dingman in running into the telegraph pole. To this basic act of negligence there was no defense on the facts to the Hapeman action. In respect to the issue of co-operation, the evidence presented questions of fact for the jury and its findings should not be disturbed. If Dingman was negligent, the fact that he was intimately acquainted with the one he injured does not operate to relieve the insurance company from the obligations of the policy of indemnity. Dingman's original statement was insufficient as a defense to the Hapeman action. The co-operation required under the policy did not require him to perjure himself or to fabricate a

defense by way of defeating the Hapeman action, nor did it require him to cease having contact with the one he injured.