ALICE COOKE RANDALL, Appellant, *v.* JOHN A. RANDALL, Respondent.

Fourth Department, May 8, 1935.

*Andrew R. Sutherland,* for the appellant.

*Justin J. Doyle,* for the respondent.

PER CURIAM. The marital differences of the parties to this action have been before this court on several occasions. The instant action is brought to accomplish the rescission of a separation agreement entered into August 29, 1928, between the parties and to obtain a judgment against defendant of separation from bed and board. The judgment appealed from is based upon findings which — as stated in the Special Term opinion — would require granting plaintiff a separation were it not for a finding that plaintiff has waived all defendant's breaches of the agreement by accepting and using an alimony check for $150 immediately before the commencement of this action. Although we affirm the order appealed from, we disagree with the conclusions reached by the Special Term in both respects mentioned.

January 2, 1934, a check for $150 from defendant to plaintiff was issued and on January fifth this check was placed to plaintiff's credit in her account in a New Bedford, Mass., bank. On January third the Special Term of the Supreme Court dismissed an earlier action brought by this plaintiff on the ground that the court had no jurisdiction. On January sixth the summons and complaint in the pending action was served upon defendant.

While we do not hold that the question of waiver was not one of fact we disagree with the finding that plaintiff waived her right to have the separation agreement annulled and we find to the contrary. It is urged by plaintiff that the $150 check cashed by plaintiff January 5, 1934, was for a payment due the previous December. And this claim is not unreasonable. For waiver to defeat plaintiff, an intentional relinquishment of a known right must appear (*S. & E. Motor Hire Corp.* v. *N. Y. Indemnity Co.*, 255 N. Y. 69, 72; *Alsens Am. Portland Cement Works* v. *Degnon Cont. Co.*, 222 id. 34); and this the record does not show. That defendant was misled or that he changed his position to his detriment because of plaintiff's acceptance of the check is not indicated. (*Wills* v. *Investors Bankstocks Corp.*, 257 N. Y. 451.) Estoppel cannot be relied upon. For while we do not find such behavior in defendant as to entitle plaintiff to the relief sought by her, still defendant's conduct has not been so entirely equitable or beyond criticism that a finding of estoppel against plaintiff would not secure for defendant an unjust advantage. (*Troy Union R. R. Co.* v. *City of Troy*, 227 App. Div. 351; affd., 253 N. Y. 597.)

But plaintiff has not made out a case for affirmative relief. Taking into consideration all the circumstances involved, including the effect of the order granted at Special Term February 24, 1932, which was operative during the whole spring and summer of 1932 and gave defendant the custody of the youngest daughter, we

conclude that the claimed breaches of the separation agreement by defendant as designated in the complaint and findings were non-existent in most respects and inconsequential otherwise. We disapprove and reverse certain findings of fact and conclusions of law and make new findings and conclusions. The judgment should be affirmed, without costs.

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

Judgment affirmed, without costs. Certain findings of fact and conclusions of law disapproved and reversed and new findings and conclusions made.