ARTHUR YOUNG, Appellant, *v.* GRANT LUNCH CORPORATION, Respondent.

First Department, May 13, 1938.

*William Seligson* of counsel [*Leo E. Falkin* with him on the brief; *Seligson & Pines*, attorneys], for the appellant.

*John G. Reilly* of counsel [*Thomas A. Clarke* with him on the brief; *Van Orman & Guilfoil*, attorneys], for the respondent.

GLENNON, J. The plaintiff, a taxicab driver, was rather severely injured on April 15, 1934, shortly after three A. M., on the sidewalk in front of premises 204 West Forty-second street, New York city, where the defendant operates a restaurant. Two causes of action were set forth in the complaint, one in nuisance, and the other in negligence. After issue was joined the case was tried before the court and a jury, and a verdict was rendered for the defendant.

Plaintiff has appealed. We believe the following assignments of error are substantial: (1) The court erred in excluding proof which tended to connect the defendant with the obstruction; and (2) the trial court erred in refusing to charge as requested.

Shortly before the accident the plaintiff entered defendant's place of business for the purpose of obtaining some food. He stood at the counter while eating. When he finished, he attempted to cross the sidewalk to reach his cab, which he had parked in front of defendant's place. Suddenly he tripped and fell over an obstruction which was described in the complaint as a wooden rack, stand or grating. According to the plaintiff, this rack was not on the sidewalk in front of the restaurant when he entered, and he did not see the rack before he came in contact with it. As a result of the fall the plaintiff sustained a transverse fracture of the patella of the right knee. In its answer the defendant admitted " that it did place upon the south sidewalk of West 42nd Street  *  *  * wooden racks which remained there for a short while." However, it did not claim that it had a permit so to do.

In order for the plaintiff to establish liability on the part of the defendant, it was necessary for him to prove that the rack, over which he asserted that he fell, had been placed upon the sidewalk by defendant's employees. Bearing in mind that the defendant admitted in its answer that it had placed wooden racks upon the sidewalk, which " remained there for a short while," plaintiff should have been permitted to give testimony that one Goldblatt, who concededly was the manager of defendant's restaurant, took certain action with respect to the rack immediately after plaintiff fell. The following questions, under the circumstances outlined,

the answers to which were excluded by the court, were proper in form and in substance: "Q. And at the time he was on the sidewalk did you see him do anything with respect to this rack that you fell over? Mr. Reilly: Objected to. The Court: Objection sustained. Mr. Seligson: May I put in this testimony subject to connection, your Honor? The Court: No, it was subsequent to the happening of the event. Mr. Seligson: Exception. * * * Q. What happened to the rack? What did they do with the rack? Mr. Reilly: Objected to. Mr. Seligson: Just on the question of control, not on the question of negligence. The Court: That is not the way to prove it. Mr. Seligson: Exception."

Viewed from the standpoint of the admission contained in the answer, the action of defendant's representative with respect to the rack, even though " subsequent to the happening of the event," was a matter which should have been placed before the jury in order to permit it to determine that the defendant exercised dominion and control over the particular rack which may have caused plaintiff to fall. Furthermore, the evidence should have been admitted since, under the peculiar circumstances, it was a part of the *res gestæ*. If the rack were taken from the sidewalk and placed in defendant's place of business, that fact would have been very persuasive upon the question of defendant's responsibility for the obstruction which was illegally placed on the sidewalk in the path of the pedestrian.

While we are of the opinion that the court properly excluded evidence to the effect that Goldblatt, defendant's manager, pleaded guilty in the Magistrates' Court to the charge of " obstructing the sidewalk with a restaurant floor board " in front of defendant's premises, since in so doing he was acting for himself and not for his corporate employer, yet, when Goldblatt was called as a witness, he should have been permitted by the court to answer the following question: " Q. When the police officer came to the scene of the accident, were there any of your restaurant floor boards outside in front of your floor [store] on the sidewalk? " However, the court sustained the objection interposed by the defendant.

We next come to a consideration of the point that the trial court erred in the charge to the jury. During the course of the cross-examination of plaintiff, counsel for defendant made persistent efforts to indicate that the witness had stated to Dr. Goodall of Bellevue Hospital, where plaintiff was taken after the accident, that he had slipped on a wet sidewalk. Although the plaintiff insisted that he did not do so, nevertheless counsel did not desist. When Dr. Edward V. Dineen, who was the attending surgeon at the

hospital, finished his direct testimony, he also was questioned at length by defendant's attorney concerning notes alleged to have been made by other doctors at the hospital in reference to the same alleged statement. He also denied any knowledge of it. In fact there is no evidence in the record to indicate that the plaintiff fell because of a wet sidewalk or " a slippery substance." Nevertheless, in charging the jury, the court said: " This defendant asserts that if the plaintiff did suffer an injury of the kind which he claims, and that that injury was occasioned not by reason of the fact that there was this grating or grade that was used in its business, but by reason of the fact that on the sidewalk, for some reason which is unexplained and for which the defendant cannot be held accountable, there was a slippery substance and that this plaintiff fell on that slippery substance and had nothing to do whatsoever with the grade or the grating or the planking that was part of the business and appliances of this defendant."

At the conclusion of the charge, the attorney for the plaintiff made the following request: " Mr. Seligson: I respectfully ask your Honor to charge that there is no evidence in the case of a documentary nature or otherwise to the effect that the plaintiff slipped, in any manner different from the manner in which he testified. The Court: I decline so to charge."

Since the defendant offered no testimony to dispute the evidence of the plaintiff as to the manner of the happening of the accident, the request to charge should have been granted in order to prevent the jury from being misled.

For the reasons assigned, the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

MARTIN, P. J., TOWNLEY, UNTERMYER and COHN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.