JUSTINO ALBERT, Appellant, v. PUBLIC SERVICE MUTUAL CASUALTY INSURANCE CORPORATION, Respondent.

First Department, June 4, 1943.

*Harry Zeitlan* for appellant.

*Arthur N. Seiff* of counsel (*E. Edan Spencer,* attorney), for respondent.

Cohn, J. In an earlier action plaintiff recovered a judgment of $2,655.25 against the All-White Laundry Service, Inc., as damages for personal injuries sustained by plaintiff because of the negligence of the laundry in the operation of a motor vehicle. A policy of automobile liability insurance executed by defendant in favor of the laundry was in effect at the time of the accident. The judgment having remained unsatisfied at the expiration of thirty days from the service of notice of entry of the judgment upon the attorney for the laundry, and upon its insurer, plaintiff instituted this suit against defendant pursuant to the provisions of section 167 of the Insurance Law (L. 1939, ch. 882).

On April 13, 1940, the laundry's automobile driven by its manager, Nathan Edelstein, was backed up without warning and struck plaintiff who was on a crosswalk, causing him to sustain a compound fracture of the leg. As required by the terms of its policy, the insurer proceeded to defend plaintiff's action against the laundry but later disclaimed liability and withdrew from the litigation because of the alleged failure on the part of the assured to co-operate with defendant.

It is plaintiff's contention that the clear liability in the negligence case prompted the insurance company to seek refuge in a disclaimer founded upon baseless complaints of nonco-operation by the assured.

The insurance company's defense was predicated upon the claim that the assured made conflicting statements as to the circumstances of the accident and that it failed to make its

agents and employees available to the insurance company in preparation for the trial.

In order to be relieved of liability, the insurer has the burden of establishing that there was a breach of the provisions of the policy which require a statement by the assured of the circumstances of the accident, and the assistance and co-operation of the assured in the conduct of the action (Insurance Law, § 167, par. 5). In our view, defendant did not maintain its burden of proving such failure or refusal to co-operate. Nor was there sufficient evidence of bad faith or of collusion between plaintiff and the assured. Lack of good faith by the assured must be proved and is not to be inferred. (*Roth* v. *National Automobile Mutual Casualty Co.*, 202 App. Div. 667.)

The disclaimer of defendant is based principally upon the alleged misleading report of the accident given by Nathan Edelstein to defendant six days after the accident. This report was given orally by Edelstein to defendant's representative, reduced to writing by the latter, and then signed by Edelstein. It recites that while Edelstein was in the course of operating a truck he stopped it to permit another truck ahead of him to back into the curb. The report then sets forth the alleged misleading statements, as follows: "While I was at a standstill, I felt a bang coming from the rear of my car. I got out of my car and saw this colored man lying on the ground." The statement also reveals that the plaintiff, who was the man found lying on the ground, had suffered severe personal injuries.

Defendant contends it was deceived because in the report to the Motor Vehicle Bureau made later by Edelstein himself, he described the accident differently by stating that while backing his truck he accidentally struck plaintiff with the rear of his car. It is asserted by defendant that it was persuaded by Edelstein's report to believe that at the time of the accident his truck was standing still.

As there is no explanation in the record or in the brief of defendant showing how it could entertain such a belief in the face of the other details of the accident furnished in Edelstein's report, defendant's claim that it was misled is incredible. Defendant certainly knew that a truck standing still could not strike a pedestrian, throw him to the ground and cause him to sustain a double fracture of the tibia and fibula. It knew, or at least should have known, that the vehicle must have been in motion. The two statements of Edelstein are not incapable of reconciliation. A mere variance does not constitute lack of co-operation.

The conduct of the assured in furnishing an incorrect, though not intentionally false, statement to the company at the time of the accident, which tended to absolve him from blame, and with which his testimony at the trial was in substantial conflict, the latter constituting virtually a confession of negligence on his part, would not furnish a defense to the insurer in the absence of evidence that the testimony given at the trial was false. (*Guerin* v. *Indemnity Ins. Co.*, 107 Conn. 649.)

Moreover, the trial court erroneously received in evidence over plaintiff's objections and exception (1) an affidavit of one B. Goldstein, an attorney, and (2) testimony furnished by Nathan Edelstein before the State Motor Vehicle Commissioner and proof of omission by the assured to inform defendant of the fact that he was required to appear there.

(1) The affidavit of B. Goldstein was offered to show that defendant had made efforts to communicate with the insured and that the insured did not respond to such calls. This attorney, who represented defendant, was present in court during the trial and could have been called by defendant as a witness. The failure to do so deprived plaintiff of the right to cross-examine upon the issue as to whether the insured, the All-White Laundry Service, Inc., had co-operated with defendant. (*Stephens* v. *Vroman*, 16 N. Y. 381, 384.)

(2) There was no duty imposed on the assured to apprise defendant of the fact that Nathan Edelstein, an officer of the assured, had been notified to attend at a hearing before the Motor Vehicle Commissioner, and proof of failure to advise defendant should not have been received as evidence of lack of co-operation. The sole purpose of the hearing was to determine whether Edelstein's automobile operator's license should be revoked. There, Edelstein was acting for himself and not for his corporate employer. (*Young* v. *Grant Lunch Corp.*, 254 App. Div. 174, 176.) His testimony given at such a hearing was not an act of the corporate assured and was improperly received in evidence to show lack of co-operation. Declarations of an agent or of an officer of a corporation are not evidence against the principal, except when made in the course of his agency or in the discharge of his official duties. (*Cobb* v. *United Engineering, etc., Co.*, 191 N. Y. 475, 480; *First Nat. Bank* v. *Ocean Nat. Bank*, 60 N. Y. 278; *Kraus* v. *Fifth Avenue Coach Co.*, 233 App. Div. 357.)

For the foregoing reasons, the judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

DORE, J. (dissenting). In a prior action for damages for personal injuries through the negligent operation of an automobile owned by the All-White Laundry Service, Inc. and driven by its manager, Nathan Edelstein, plaintiff recovered judgment for $2,655.25. The laundry was insured by defendant. Defendant had at first defended that action on behalf of the laundry but later on the eve of trial disclaimed liability and withdrew on the ground that the insured had failed to comply with the terms of the policy requiring the insured to make a fair and frank disclosure of the facts and co-operate with defendant. The trial of the action for personal injuries was adjourned until defendant procured other counsel; the judgment in plaintiff's favor was awarded against the laundry in March, 1941. Thereafter, under section 167 of the Insurance Law, plaintiff brought this action against the insurer for improperly disclaiming liability on the policy of automobile insurance issued by defendant to the laundry. After a trial before the court without a jury the trial court directed judgment on the merits in defendant's favor; plaintiff appeals.

The insurance policy issued by defendant to the laundry contained the following conditions: that in the event of suit the insured shall immediately forward to the insurer every demand, notice, summons or other process received; that the insured shall co-operate with the insurer; and that no action shall lie against the insurer unless as a condition precedent the insured shall have fully complied with all the terms of the policy.

Plaintiff was injured on April 13, 1940. Nathan Edelstein, the driver of the laundry's automobile at the time of the accident, and his brother, Hyman, were general managers of the laundry and had charge of its affairs. Plaintiff lived a few doors from the laundry and Hyman had known him for some years. Nathan's signature was the only one necessary on checks. Accordingly, his acts and omissions in relation to the issue of co-operation could be considered the acts and omissions of the insured.

On April 19, 1940, Nathan Edelstein gave defendant a written statement in which he said that while the laundry car was stopped plaintiff walked into the rear of the car. In September, 1940, without notice to defendant, Edelstein sent a report to the Motor Vehicle Bureau in which he stated that he accidentally struck the plaintiff, a pedestrian, while backing the car out of West 97th Street and that he, the driver, did not have the right of way. On March 3, 1940, Edelstein attended a hearing before the Motor Vehicle Commission where he testified that the acci-

dent had happened while he was backing out of West 97th Street. On the trial of the original action Edelstein first said that the accident happened while the car was standing still but on cross-examination admitted that he backed up.

On the facts disclosed we think we should not say the trial court erred in concluding that the insured had violated the conditions of the policy by failing to co-operate with the insurer.

The Court of Appeals in *Coleman* v. *New Amsterdam Casualty Co.* (247 N. Y. 271, 276) states the applicable rule as follows: '' Co-operation does not mean that the assured is to combine with the insurer to present a sham defense. Co-operation does mean that there shall be a fair and frank disclosure of information reasonably demanded by the insurer to enable it to determine whether there is a genuine defense.''

The actions of this insured through its manager Edelstein evince lack of co-operation. First he gave the insurer a written statement completely exonerating himself and the defendant from any liability. Then without notice to the insurer he placed on file with the Motor Vehicle Bureau a written report completely at variance with the story he gave the insurer and admitting responsibility for the accident. Later, and again without notice to the insurer, he testified before the Motor Vehicle Bureau to a story admitting liability.

Edelstein was bound at all times to tell the truth and the terms of the policy required that he give notice of any demand or other process received. Edelstein's signed report to the Motor Vehicle Bureau and his testimony before the Bureau, clearly of great weight and importance on the trial of the issue of negligence, related to the essential issues presented for determination on this trial. Under all the facts and circumstances disclosed, no error was committed in receiving them in evidence. As there was no jury the receipt of the Goldstein affidavit was not prejudicial reversible error.

The arguments that the insurer would be no better off if the insured had made full and truthful disclosure, and that the company could have found out by its own investigation the facts including the contradictory admissions of liability misconceive the effect of refusal to co-operate.

Accordingly, we dissent and vote to affirm.

UNTERMYER and CALLAHAN, JJ., concur with COHN, J.; DORE, J., dissents and votes to affirm, in opinion, in which MARTIN, P. J., concurs.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event. Settle order on notice.