**TATUM v. CARDILLO.**

**Bureau Case No. DB-1-5-156.**

United States District Court
S. D. New York.

April 8, 1952.

See also, D.C., 11 F.R.D. 585.

S. Leighton Frooks, New York City, for plaintiff.

Myles Lane, U. S. Atty., New York City, for defendant.

Joseph D. Edwards, New York City, for intervenors McWilliams Dredging Corp. and Hartford Accident & Indemnity Co.

CONGER, District Judge.

Motion by the defendant for summary judgment.

The action seeks to set aside a Compensation Order filed by defendant on March 21, 1951 rejecting an application for administrative review under Section 22 of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 922, on the ground that said application was not filed within one year from the date of the order revoking an award filed on March 19, 1946.

Carl H. Tatum lost his life on August 27, 1942 while enroute to his employment in Greenland. On January 9, 1943 a compensation order was filed in which Gwendolyn Tatum, claimant, was declared the widow of Tatum and which ordered death benefits. Payments under said compensation order were made until March 19, 1946, at which time another compensation order was filed revoking this award for the reason that claimant was not the surviving wife of the deceased, inasmuch as evidence had been produced that claimant had been married previous to her marriage to the deceased, and which marriage had not been dissolved and her husband was still alive.

On September 8, 1950 application was made to the Deputy Commissioner to reopen the case on the ground that the previous marriage of claimant had been adjudged "void ab initio" by the Supreme Court of New York County (July 24, 1950) and that consequently "she is the lawful widow of the above-named deceased and your determination was made upon erroneous facts to the injustice of Mrs. Tatum".

A hearing was held before the Deputy Commissioner on January 31, 1951. At the conclusion of the hearing after evidence was taken, the Deputy Commissioner held that the application for review and modification of the compensation order was rejected on the ground that "the application was not timely filed".

There is no question here concerning the validity or non-validity of the plaintiff's prior marriage. I am confronted solely with the problem of whether the Deputy Commissioner properly ruled that he had no jurisdiction to revoke the order of March 19, 1946.

Section 22 provides that the Deputy Commissioner may revoke a compensation case on the ground of change in conditions or because of a mistake in a determination fact ' * * * at any time prior to one year after the date of the last payment of compensation * * * or at any time prior to one year after the rejection of a claim " * * *".

The Deputy Commissioner has found the application for review of September 8, 1950 to be not timely. Since there was evidence to support this finding, I must accept it. Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598; Simmons v. Marshall, 9 Cir., 1938, 94 F.2d 850.

Motion granted.

Settle order.