## TATUM v. CARDILLO.

No. 72, Docket 22715.

United States Court of Appeals
Second Circuit.

Argued Dec. 14, 1953.

Decided Dec. 30, 1953.

S. Leighton Frooks, Whitestone, N. Y., for plaintiff-appellant.

Samuel R. Pierce, Jr., Asst. U. S. Atty., New York City (J. Edward Lumbard, U. S. Atty., New York City, on the brief), for defendant-appellee Frank A. Cardillo.

Cornelius Gallagher, New York City (Joseph D. Edwards and Walter L. Zeihnert, New York City, on the brief), for defendant-appellee Hartford Accident & Indemnity Co.

Before CLARK, FRANK, and HINCKS, Circuit Judges.

PER CURIAM.

Commencing as of August 27, 1942, plaintiff drew compensation as surviving widow of a deceased employee of the employer-defendant herein under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq., until on March 19, 1946, a compensation order was, filed rescinding the award on the ground that a prior existing marriage by her invalidated her marriage to the deceased. On September 8, 1950, plaintiff made application to reopen her case on a showing that she had then obtained an annulment of her prior marriage from a state court. After hearing, the defendant Deputy Commissioner rejected her application as not having been filed within one year of the last payment of compensation, as required by 33 U.S.C. § 922. Plaintiff brought this action to set aside the latter order, and appeals from a summary judgment for defendants. D.C.S.D.N.Y., 105 F.Supp. 488.

The applicability of the limitation section is clear. Hence to prevail here plaintiff must show either compliance or waiver. She attempts to show both. First she urges that certain letters written by her counsel in 1946 constituted timely application to reopen. These letters, however, contain only mere general inquiry as to the status of her case. Next she relies on a letter of the insurance carrier dated February 13, 1946, which she urges as a stipulation to waive the limitation. The letter states merely that the carrier is forwarding to the Deputy Commissioner "a request that we be permitted to suspend further payments of death benefits to you until such time as either yourself or we may be in a position to prove or establish the dissolution of your first marriage * * *." This is altogether too vague to constitute an "intentional relinquishment of a known right" under the standard definitions of waiver, as in Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461, or S. & E. Motor Hire Corp. v. New York Indemnity Co., 255 N.Y. 69, 72, 174 N.E. 65, 81 A.L.R. 1318. Furthermore, a claims examiner's memorandum of a conference with plaintiff on March 13, 1946, is quite conclusive that plaintiff was then informed of her right to take action for further consideration of her claim "within one year from the date of the order of rejection which is to be filed very shortly" and was

in fact filed six days later. Since plaintiff had retained counsel by May 2, 1946, we do not think that any undue hardship has been imposed by the operation of the statutory principle.

Affirmed.