■ LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant, v. IRA GOLD-WASSER, an Infant, by HYMAN GOLDWASSER, His Guardian, et al., Respondents. — In an action by an insurer for a judgment declaring its right to disclaim liability under an automobile insurance policy, the appeal is from so much of a judgment entered after trial as declares that appellant is obligated as insurer of respondent Hyman Goldwasser, and from an order denying reconsideration of the memorandum decision and the corrected memorandum decision. Judgment, insofar as appealed from, reversed on the law and the facts, with costs, and judgment directed to be entered declaring that appellant is not obligated as insurer of said respondent under the policy. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings will be made as indicated herein. An accident occurred while the insured's car was being operated, in his absence, by his minor son, who was not licensed to drive. The policy contained a " co-operation " clause which has been held to require "that there shall be a fair and frank disclosure of information reasonably demanded by the insurer to enable it to determine whether there is a genuine defense" (*Coleman* v. *New Amsterdam Cas. Co.,* 247 N. Y. 271, 276). The insured, on a number of occasions, orally and in writing, stated to appellant that he had never given his son permission to drive the car. Subsequent to making these statements, the insured testified, during an examination before trial, that his son did have his permission to drive the car. The insured thus breached the condition of co-operation (*Shafer* v. *Utica Mut. Ins. Co.,* 248 App. Div. 279). Appellant's next step was the commencement of this action. Under these circumstances, appellant did not waive the insured's breach of the policy (*Draper* v. *Oswego County Fire Relief Assn.,* 190 N. Y. 12). There could have been no waiver in the absence of full knowledge by appellant of the facts (*Gutman* v. *United States Cas. Co.,* 241 App. Div. 752; *S. & E. Motor Hire Corp.* v. *New York Ind. Co.,* 255 N. Y. 69). Appeal from order dismissed as academic. Wenzel, Acting P. J., Murphy and Kleinfeld, JJ., concur. Beldock and Hallinan, JJ., concur in the dismissal of the appeal from the order but dissent from the reversal of the judgment insofar as appealed from and the direction for the entry of judgment in favor of appellant and vote to affirm the judgment, with the following memorandum: We agree with the majority that there was no waiver or estoppel here. But we do not agree that there was lack of co-operation.

While the majority make a finding of lack of co-operation, the trial court made no finding either way on that phase. In our opinion there is no basis for a finding of lack of co-operation. The trial court found that on June 12, 1954 the insured denied that he had given permission to his son to drive the car at the time of the accident. The trial court further found that on June 8, 1955 the insured did not make any statement inconsistent with his prior statements, that he testified on an examination before trial as explained on this trial that he gave his son permission to use, but not to drive, the car at the time of the accident, and that in fact he did not give his son express permission to drive the car at the time of the accident. If there was implied permission, that was a question to be decided on the trial of the negligence action. Settle order on notice.