■ UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant, v. HERMAN VON BARGEN et al., Respondents.— Action by an insurer for a judgment declaring that its disclaimer of liability under a policy of automobile liability insurance is proper and that it is not obligated to defend the named insured, Herman von Bargen, and his son, Edgar von Bargen, in actions brought against them or to pay any judgments which may be recovered against them in such actions, and for other relief. The insurer appeals from a judgment entered after trial declaring that its disclaimer is improper and that it is obligated under the contract to defend the actions and pay judgments recovered therein. Judgment reversed on the law and the facts, with costs, and judgment directed in favor of the insurer as prayed for in the complaint, except for the injunctive relief. Findings of fact insofar as they may be inconsistent herewith are reversed, and new findings are made as indicated

herein. An automobile owned by the named insured was driven by his 15-year-old son, and an accident occurred. On August 2, 1955 both the insured and his son gave written statements to the insurer that the son had taken and had driven the automobile without the insured's permission. Thereafter, the insurer disclaimed liability with respect to the son and, in actions brought by persons involved in the accident, appeared for the named insured but not on behalf of the son. In April, 1956 and thereafter both the insured and his son gave testimony on examinations before trial in an action brought against them and at a hearing before the Motor Vehicle Bureau that at the time of the accident in July, 1955 the son had been driving the car with the permission of the insured. Thereafter the insurer gave notice that, because of the contradictory statements and the insured's lack of co-operation, it had been seriously prejudiced in the handling of claims and lawsuits arising out of the accident. Subsequently, the insurer commenced this action. The evidence establishes that the insured breached the condition in the contract of insurance which requires co-operation with the insurer. If he failed at the outset to make a fair and truthful disclosure which would enable the insurer to determine whether there was a genuine defense, there was a breach of the covenant for co-operation. (*Coleman* v. *New Amsterdam Cas. Co.,* 247 N. Y. 271.) If the first statements to the insurer were true and the insured and his son some eight months later gave false testimony in aid of the plaintiffs in the negligence actions there was a cessation of the co-operation which was required by the contract. (Cf. *Ohrbach* v. *Preferred Acc. Ins. Co. of N. Y.,* 227 App. Div. 311; *Shafer* v. *Utica Mut. Ins. Co.,* 248 App. Div. 279, 285.) It is now claimed that the falsehoods were made in the first statements made in writing to the insurer on August 2, 1955. Under any view it must be held that the covenant for co-operation was breached. (See, also, *Lumbermens Mut. Cas. Co.* v. *Goldwasser,* 7 A D 2d 849.) Under New York law the insurer had the right, without proof that it had been prejudiced, to declare the contract at an end (*Coleman* v. *New Amsterdam Cas. Co., supra*) inasmuch as the breach was of a term upon which the contract was conditioned. But if prejudice were essential it could be found as a matter of law on the undisputed fact that for at least eight months following the reports of the accident no effort was made to correct the false statements willfully and deliberately made with intent to deceive the insurer, which proceeded during that period in the belief, thereby induced, that the insured had a good defense to the actions brought against him. Nolan, P. J., Ughetta and Kleinfeld, JJ., concur; Beldock and Hallinan, JJ., dissent and vote to affirm, with the following memorandum: The theory of the complaint is that there was lack of co-operation by the insured in that both he and the driver of the car at first gave written statements to the insurer that the driver did not have permission to use the car at the time of the accident, whereas they both testified later in examinations before trial and at hearings before the Motor Vehicle Bureau that the driver did have permission. The original misstatements were corrected long prior to the trial of the negligence actions arising out of the accident. The insurer has not been prejudiced in its defense of the said actions. Under such circumstances, the Court of Appeals has held that the question of co-operation is an issue of fact. (*American Sur. Co. of N. Y.* v. *Diamond,* 1 N Y 2d 594, 599–600, citing *Standard Acc. Ins. Co.* v. *Winget,* 197 F. 2d 97, 101–103; *Albert* v. *Public Service Mut. Cas. Ins. Corp.,* 292 N. Y. 633, affg. 266 App. Div. 284.) The finding that there was no lack of co-operation should not be disturbed. The majority is of the opinion that the evidence in this case establishes as a matter of law that there was lack of co-operation. *Ohrbach* v. *Preferred Acc. Ins. Co.* (227 App. Div. 311) and *Shafer* v. *Utica*

*Mut. Ins. Co.* (248 App. Div. 279), cited by the majority, do not support that view. In both cases the insured lulled the insurance company into a sense of security that he was not negligent and did not give the company notice that he was in fact negligent until he testified at the trial of the negligence actions. In both cases it was held that the verdict that there was no lack of co-operation was against the weight of the evidence, but even under the circumstances mentioned it was expressly held that the issue of co-operation was still one of fact.