**CAR AND GENERAL INSURANCE CORP., Ltd., Plaintiff,**

v.

**Jack GOLDSTEIN and Myra Goldstein, an infant, by her Guardian ad Litem, Frances Goldstein, Defendants.**

United States District Court
S. D. New York.

Dec. 18, 1959.

Dominic J. Cornella, New York City, for plaintiff.

Sugarman, Kuttner & Fuss, New York City, for defendant Jack Goldstein, Eugene L. Sugarman, New York City, of counsel.

METZNER, District Judge.

Plaintiff moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S. C.A.

This is an action seeking a declaratory judgment that plaintiff has validly disclaimed liability on its policy of insurance because of the lack of cooperation of the insured. The following is a summary of the facts in this case as adduced from the pleadings, the responses to the notice for admissions, and the affidavits submitted on this motion.

The defendant was the owner and driver of a car that was involved in an accident on April 26, 1956, and at that time there was in existence an automobile liability insurance policy issued by the plaintiff to the defendant.

Defendant admits that the information given by him to the police officer at the scene of the accident was included in the officer's accident report. That report states that the vehicle operated by defendant "collided with a pole when it swerved to avoid accident with another auto." The report of the accident which defendant filed with the Motor Vehicle Bureau stated that the defendant swerved to avoid an accident with another auto "who swerved over to our insured's auto so close that there was almost contact." As a result of this swerving, defendant's auto hit a pole. Subsequently the defendant gave a statement to plaintiff's representative, which he signed, which stated that he was traveling about 25 miles an hour when

> "a car came from behind me on the left and as he was passing me he cut into me and cut me off. I swerved to the right to avoid a collision with this car, and in doing so I hit the curb of the sidewalk and lost control of the car, the car went up on the sidewalk and into a pole."

Defendant's daughter was a passenger in the car driven by defendant and she was injured as a result of the accident. Her mother was guardian ad litem in an action brought by the daughter against the father for personal injuries. This action was successfully defeated on motion by the attorney for the defendant, who was, of course, the attorney assigned by the insurance com-

pany to conduct the litigation under the policy. The basis of the dismissal was that the daughter, who at the time was only 17 years old, was not emancipated and consequently could not sue her parent for a nonwilful tort. Subsequently a second action was instituted by the daughter through her mother as guardian ad litem against her father, in which the complaint alleged that the injuries suffered by the daughter resulted from the wanton and wilful negligence of her father. The complaint detailed the happening of the accident, in which it appears that for a period of about 20 minutes the defendant chased another motor vehicle around the streets of Queens. In this chase the cars had proceeded at excessive rates of speed through red lights until the defendant's car struck the other car, bounced off it and hit a pole. The defendant has admitted to his attorney the truth of the allegations of this second complaint except that he denies that he bounced off the other car. Rather, he says that after the cars scraped he lost control of his own car and hit the pole.

At the time of the conference between defendant and the attorney, when the defendant admitted the allegations of the second complaint, the defendant also signed a statement admitting that he had lied in his report to the Motor Vehicle Bureau and to the representative of the plaintiff at the time of the interview after the happening of the accident. Defendant said in that statement:

"Nor did I tell the representative of the insurance company the truth as to how this accident occurred."

The statement further states, after detailing the true facts, that:

"I withheld giving them this information whenever I was interviewed by anyone representing the insurance company."

With this record of admissions and undenied allegations, the defendant seeks to defeat this motion on the simple ground stated in his opposing affidavit that:

"At no time during the said interview [the first interview with the insurance company's representative] did I refuse to answer any of the questions put to me by the plaintiff's representative, nor did I withhold any information which he sought during the said interview."

The opposing affidavit further states:

"When I arrived at my attorney's office, he asked me to tell him what had happened prior to the accident as well as at the moment of the accident. This was the first time that anybody had questioned me with respect to the occurrences prior to my losing control of my car and running into the pole."

This affidavit conflicts with defendant's statement when he bared his chest to the insurance company, in which he says that he withheld giving them the truth "whenever I was interviewed by anyone representing the insurance company." But even assuming that the insurance company's representative only asked the defendant the narrow question, "What made you hit the pole?" there still exist diametrically opposed versions in the original statement given to the insurance company and in the second statement given to the insurance company. The first version is that some car coming from behind passed him on the left and cut into the defendant so that he had to swerve to avoid a collision. He now admits that he was chasing the car in front.

The first question that must be answered prior to a determination whether there is a triable issue of fact is whether Mr. Cornella, the attorney for the plaintiff in this action, whose affidavit was also submitted on this motion, is barred from disclosing the facts and circumstances in connection with the conference on July 1, 1958 between him and defendant Jack Goldstein. Defendant claims that the affidavit by Mr. Cornella relates to privileged communications under § 353 of the New York Civil Practice Act (lawyer-client privilege) and therefore is inadmissible on

motion for summary judgment because it contains evidence that would be inadmissible at trial. Fed.R.Civ.P. 56(e). His claim relates to Exhibits 6 and 8 of the moving papers, which contain the second complaint in the suit by the daughter, which is marked by defendant, and the statement made by defendant at the July 1, 1958 conference that he had lied. Section 353 of the New York Civil Practice Act is applicable in a diversity suit. Cf. Engl v. Aetna Life Ins. Co., 2 Cir., 1943, 139 F.2d 469 (§ 352—doctor-patient privilege). However, defendant's reliance upon Section 353 in this case is misplaced. Wigmore points out that when an attorney acts for two parties having a common interest, communications by the parties to the attorney are not privileged in a controversy between these same two parties because the common interest forbade concealment by either from the other. 8 Wigmore § 2312 p. 603 (3d ed.). Here the insurance company and insured have a common interest in the defense of suits against the insured. Not only was the defendant's statement to Mr. Cornella not privileged from disclosure to the insurance company, it was, in fact, defendant's duty, imposed by his contract, to make a fair and frank disclosure to the insurance company because of their common interest in knowing the way in which the accident happened. This exception to the lawyer-client privilege in the case of the attorney representing both the insured and his insurer has been recognized in New York, Shafer v. Utica Mutual Ins. Co., 4th Dept., 1936, 248 App.Div. 279, 289 N.Y.S. 577, and in the federal courts, Pennsylvania Casualty Co. v. Elkins, D.C.E.D.Ky. 1947, 70 F.Supp. 155.

The New York Court of Appeals has defined "cooperation" as meaning that

"there shall be a fair and frank disclosure of information reasonably demanded by the insurer to enable it to determine whether there is a genuine defense." Coleman v. New Amsterdam Casualty Co.,

1928, 247 N.Y. 271, 276, 160 N.E. 367, 369, 72 A.L.R. 1443.

Further, the insurer has the right, without proof that it had been prejudiced, to disclaim if there has been a breach of the cooperation clause since the clause is a term upon which the contract is conditioned. Coleman v. New Amsterdam Casualty Co., supra; United States Fidelity & Guaranty Co. v. Von Bargen, 2nd Dept., 1959, 7 A.D.2d 872, 182 N.Y.S.2d 121. If I understand defendant's position correctly, the words "reasonably demanded" in the Coleman case are to be interpreted as meaning that if no demand is made of the insured for information there is no obligation on his part to disclose all the facts and circumstances surrounding the happening of the accident. In other words, there is a right on the part of the insured to remain mute and only furnish information responsive to specific questions. I think it is clear that "reasonably demanded" is a limitation on what the insurer may ask the insured. The extent of this limitation comes under scrutiny only when the insured specifically refuses to furnish information requested and thereafter the insurer disclaims liability under the policy because of the breach of the cooperation clause.

The condition of cooperation imposed upon the insured is that he make a truthful statement of the cause of an accident (Seltzer v. Indemnity Ins. Co. of North America, 1929, 252 N.Y. 330, 169 N.E. 403; see also Ohrbach v. Preferred Accident Ins. Co. of New York, 227 App.Div. 311, 237 N.Y.S. 494, 496), and that he make a fair and frank disclosure of information to enable the insurer to determine whether there is a genuine defense (Coleman v. New Amsterdam Casualty Co., supra). As pointed out above, even on the narrow grounds that defendant seeks to avoid this motion, the facts he *gave* to the insurance company in the first statement were untruthful.

It has been held that in the case where the undisputed fact of inconsistent and irreconcilable disclosures by the

insured is established the cooperation clause is breached as a matter of law. Lumbermens Mutual Casualty Co. v. Goldwasser, 7 A.D.2d 849, 181 N.Y.S. 2d 439; United States Fidelity & Guaranty Co. v. Von Bargen, supra; Shafer v. Utica Mutual Ins. Co., supra. In the present case, there is certainly no room for reasonable men to disagree that Jack Goldstein lied in the first version of the accident. He admits he did. Even leaving aside the discrepancies in the statements concerning the speed at which he was traveling (since he now "recalls" that the insurance agent suggested that he lie), we are left with a story in the 1956 version of a car coming from behind to cut off Mr. Goldstein, which is wholly irreconcilable with his present version that he was chasing the car with which he now says he collided prior to hitting the pole.

■ Furthermore, defendant has admitted that he withheld giving anyone the story about the chase when he was interviewed the first time. This in itself cannot be a truthful statement nor a full and frank disclosure of the happening of the accident. Under the co-operation clause of the insurance contract, a statement, to be truthful, should include not only what is said but also should divulge material and relevant facts. In other words, an insured cannot say that his statement is true as far as it goes and therefore he is not under a duty to divulge anything else that might bear upon the defense of the insurance company.

Defendant Goldstein relies on Albert v. Public Service Mutual Casualty Ins. Corp., 1st Dept., 1943, 266 App.Div. 284, 42 N.Y.S.2d 124, affirmed 292 N.Y. 633, 55 N.E.2d 507, cited by the dissent in United States Fidelity & Guaranty Co. v. Von Bargen, supra. That case is, however, distinguishable from the present case. The court specifically found that the two statements by the insured were not incapable of reconciliation. He quite rightly pointed out that a mere variance does not constitute lack of co-operation. Further, in Albert the court found that the first statement made by the insured could not have misled the insurer since

"there is no explanation in the record or in the brief of [insurer] * * * showing how it could entertain such a belief in the face of the other details of the accident furnished in [insured's] report. * * *" 42 N.Y.S.2d at page 127.

■ The final question which must be decided is whether, considering the undisputed facts concerning the July 1, 1958 conference, there can be found a triable issue of fact as to defendant's claim of waiver based on Mr. Cornella's eliciting of a signed statement from Mr. Goldstein after he had marked the pleadings at that conference. It has been held that there can be no waiver in the absence of full knowledge by the insurer of the facts. Lumbermens Mutual Casualty Co. v. Goldwasser, supra; Gutman v. United States Casualty Co., 241 App.Div. 752, 270 N.Y.S. 160; S. & E. Motor Hire Corporation v. New York Indemnity Co., 1930, 255 N.Y. 69, 174 N.E. 65, 81 A.L.R. 1318. This is so because a waiver is an intentional relinquishment of a right, S. & E. Motor Hire Corporation v. New York Indemnity Co., supra, and the relinquishment of the right depends upon the knowledge of it. Until Mr. Goldstein had marked the pleadings and given a statement of his reasons as well as stated his intention to so testify at the trial, the insurance company had no right to assume that his prior statement was false or that he would deviate from it at trial. The insurance company having studied his statements and determined they were in conflict notified him of the assertion of its right of waiver. Its next step was to commence this action. On these undisputed facts no inference could be drawn by a trier of fact that there had been a waiver. See S. & E. Motor Hire Corporation v. New York Indemnity Co., supra, 255 N.Y. at page 75, 174 N.E. at page 67.

While the court is aware that a summary judgment should not be granted lightly, and if there is the "slightest doubt as to the facts" the "litigant has the right to a trial," Doehler Metal Furniture Co. v. United States, 2 Cir., 149 F.2d 130, 135, it is difficult to imagine a fact necessary to the determination here which is not undisputed. There is nothing and the defendant does not claim that there is anything else which could be brought out at a trial.

Summary judgment is granted. Settle order.