(92 Misc. Rep. 567)

## BAXTER v. BAXTER.

(Supreme Court, Equity Term, Erie County. December, 1915.)

1. WITNESSES ⬅️205—PRIVILEGED COMMUNICATIONS—COMMUNICATIONS TO ATTORNEY—STATUTE.

In an action by a son against his mother to restrain her from enjoying a life estate which she claimed to have been granted by her deceased husband, testimony of the attorney for the husband that the latter had prepared a certain mutilated instrument, in evidence as a deed of a life estate to the mother, was admissible, despite Code Civ. Proc. § 835, providing that an attorney shall not be allowed to disclose a communication made by his client to him in the course of his professional employment, where the instrument, after it left the attorney's hands, was delivered by decedent to the mother, and thereby relieved from the privacy of a confidential communication.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 754, 763; Dec. Dig. ⬅️205.]

2. DEEDS ⬅️208—DELIVERY—SUFFICIENCY OF EVIDENCE.

In an action by a son to restrain his mother from enjoying a life estate, which she alleged her deceased husband had conveyed to her by a deed in evidence, acknowledged by him and mutilated by removal of the grantee's name, evidence *held* sufficient to show delivery of such deed.

[Ed. Note.—For other cases, see Deeds, Cent. Dig. §§ 625–632; Dec. Dig. ⬅️208.]

Action for an injunction by William A. Baxter against Elizabeth Baxter. Judgment for defendant.

Henry W. Willis, of Buffalo, for plaintiff.
Sullivan, Bagley & Wechter, of Buffalo, for defendant.

BROWN, J. On December 7, 1887, William Baxter and the defendant, Elizabeth Baxter, were married; the defendant then being 17 years of age. By deed recorded May 1, 1888, William Baxter took title to the premises described in the complaint. William Baxter and his wife, Elizabeth, thereafter resided thereon until the death of William Baxter, in 1914. The plaintiff, a son of William and Eliza-

beth, was born in December, 1890. William Baxter having died intestate, the plaintiff claims to be the sole owner of the premises as heir at law of his father, subject to his mother's right of dower. The defendant claims to be the owner of a life estate in the premises by virtue of a deed from William Baxter, which was executed June 29, 1889. The plaintiff seeks to restrain the defendant, Elizabeth Baxter, from enjoying such life estate.

On July 17, 1889, William Baxter, as the husband and next friend of his wife, Elizabeth, who was then 18 years of age, made a petition to the Superior Court of Buffalo in infancy proceedings for the sale of Elizabeth's right of dower in several parcels of real estate, other than the premises in question, wherein he stated that the infant, Elizabeth, owned no real estate excepting her inchoate right of dower in the real estate belonging to her husband, "and also a house and lot where said infant and her said husband reside." In these proceedings William Baxter was sworn as a witness and testified, July 23, 1889, among other things:

"Her real estate consists of the house we live in and her dower right in the premises described in the petition."

[1] Upon the trial of this action the defendant offered in evidence a mutilated unrecorded deed containing an acknowledgment before Frank F. Williams, notary public, bearing date June 29, 1889, wherein it is certified that William Baxter personally appeared before the notary and acknowledged that he executed the instrument. The mutilations consist of the tearing or cutting out of the paper of the names of the grantor and grantee and a part of the signature of the apparent grantor. The paper apparently is a conveyance of a life estate in the premises in question. The defendant claims that this paper before its mutilation was a quitclaim deed, duly executed by William Baxter, conveying to Elizabeth Baxter a life estate in the premises in question, that it was delivered by William Baxter to the defendant, Elizabeth Baxter, and that by virtue thereof she became, on or about the date of its acknowledgment, vested with a life estate in the premises in question, which estate she now owns. The plaintiff claims that there has been no competent evidence offered establishing that this paper ever was a duly executed conveyance by William Baxter to Elizabeth Baxter of such life estate, or that it was ever delivered to the defendant.

Upon the trial Frank F. Williams was sworn as a witness and testified that he was attorney for William Baxter, and that he prepared this paper as a deed at the request of William Baxter, and took the acknowledgment of its execution as a notary public; that such request and acknowledgment were made at a time when William Baxter, personally and alone and in the presence of no other person, was in the office of the witness. Upon being asked whose names originally appeared in the paper as grantor and grantee, the plaintiff interposed an objection that the question called for an answer that would reveal a confidential communication from William Baxter, now deceased, to his attorney, and that the evidence was incompetent under section 835 of the Code of Civil Procedure. The evidence was received, sub-

ject to being stricken out, should it be determined to be incompetent. The witness testified that William Baxter's name originally appeared in the paper as grantor, and that it was actually signed by the grantor; that Elizabeth Baxter's name originally appeared in the paper as grantee, and that upon its being acknowledged it was handed to William Baxter, who left the office of the witness, taking the paper with him; and that the witness had not seen the paper since that time.

If as a matter of fact the paper as it was when it left the hands of Mr. Williams was delivered by William Baxter to Elizabeth Baxter, such delivery would relieve the paper and its contents from the privacy of a confidential communication by William Baxter to Mr. Williams, his attorney, and the attorney could thereafter relate the items of its preparation and contents without violating the provisions of section 835 of the Code of Civil Procedure. If Elizabeth Baxter actually received the paper from William Baxter, she thereby became acquainted with everything now claimed to be confidential between William Baxter and his attorney, and the heir of William Baxter cannot now claim that the attorney is prohibited from revealing the very thing that William Baxter revealed 26 years ago. Section 835 of the Code prevents Mr. Williams only from telling Elizabeth Baxter the private confidential matters that William Baxter would have kept private and confidential from her, and when William Baxter personally advises and informs Elizabeth Baxter of these matters, formerly private and confidential, they are no longer private and confidential. Section 835 no longer applies. The communication was made by William Baxter to his attorney with the intent that it should be imparted to Elizabeth Baxter if the deed was delivered, and the prohibition preventing the attorney from testifying was thereby waived. Bartlett v. Bunn, 56 Hun, 508, 10 N. Y. Supp. 210; Doheny v. Lacy, 42 App. Div. 218, 59 N. Y. Supp. 724; Rosseau v. Bleau, 131 N. Y. 177, 30 N. E. 52, 27 Am. St. Rep. 578.

[2] The competency of the attorney's testimony and the validity of defendant's life estate are thus seen to be dependent upon the delivery of the deed by William Baxter to Elizabeth Baxter. The deed was executed June 29, 1889. On July 23, 1889, William Baxter testified in the infancy proceedings that Elizabeth's real estate then consisted of "a house and lot where said infant and her said husband reside," the "house we live in." The house and lot where they, William and Elizabeth, then resided, are the same premises described in the deed whereby William purports to grant to Elizabeth a life estate. William Baxter having had title in 1888, he must be presumed to have known whether he owned the premises in 1889; he having testified in 1889 that his wife then owned the premises, the conclusion is irresistible that he must have known how she obtained her title. It is certain that she could not have obtained title except from him. It is also certain that she could not have obtained title except by the delivery to her of a deed creating such title. When a deed is produced by the defendant, the execution of which is acknowledged by William Baxter, conveying the premises in question for and during the term of her natural life, to some person whose name has been removed

from the deed by mutilation, the knowledge of who was the grantee being withheld only for want of proof of the delivery of the paper, it is not believed that it will be a violation of any rule of evidence to hold that the production of the paper by the defendant, claiming to be the grantee, and which paper is the only known paper in existence that makes the grantor's testimony in 1889 true, is evidence of the delivery thereof to the grantee.

The facts as testified by William Baxter in 1889, and the produc- . tion of the mutilated deed by the defendant, Elizabeth Baxter, upon the trial, will be accepted as proof of the delivery of the deed, in the condition in which it was when executed, by William Baxter to the defendant, Elizabeth Baxter. This determination leads to the conclusion that the plaintiff's motion to strike out the testimony referred to must be denied.

An interlocutory judgment ordered for the defendant, Elizabeth Baxter, establishing her life estate in the premises described in the complaint, and directing an accounting, for the rents, etc., with costs.