## In the Matter of the Estate of JACOB KRUP, Deceased.

Surrogate's Court, Kings County, March 8, 1940.

*Isidor Block,* for Mary Perlmutter, petitioner.

*Borris M. Komar,* for the objectors.

WINGATE, S. The question arose upon the trial of this probate contest respecting the admissibility in evidence of three letters, or copies of letters, delivered by the decedent to his attorney during the course of their professional relationship. The incidental issue in this regard was whether or not these constituted privileged communications between attorney and client the disclosure of which by the attorney was inhibited by section 353 of the Civil Practice Act. The court excluded the letters but permitted the contestant to brief the question of their admissibility on the understanding that if it concluded that its preliminary ruling in this regard was erroneous, further opportunity for the introduction of the documents would be accorded.

The purpose of section 353 is merely to prevent the disclosure of communications, made by a client to his attorney, which are confidential in their nature. (*Baumann* v. *Steingester,* 213 N. Y. 328, 333.) It has, accordingly, repeatedly been held that where the subject-matter of the communication is known to a third person, whether properly introduced by the client at the time of its making (*Hurlburt* v. *Hurlburt,* 128 N. Y. 420, 424; *Matter of McCarthy,*

55 Hun, 7, 12; *Myers* v. *Brick*, 146 App. Div. 197, 200; *Matter of Kive*, 139 Misc. 273, 275) or a mere stranger or bystander who chances to overhear it (*Jackson* v. *French*, 3 Wend. 337, 339; *People* v. *Buchanan*, 145 N. Y. 1, 26; *Baumann* v. *Steingester*, 213 id. 328, 332), it is not privileged and the attorney may be permitted or compelled to testify regarding it.

The substance of the rule accordingly appears to be that if there is any third party in existence who possesses knowledge sufficient to enable him to testify respecting the subject-matter in question, no privilege exists, and the prohibition of section 353 of the Civil Practice Act does not apply.

Obviously, in the present case, the writer of the letter received by the decedent and delivered by the latter to the attorney possesses such knowledge, wherefore such letter is not a privileged communication. (*Matter of Whitlock*, 2 N. Y. Supp. 683, 684, not otherwise reported.) Similarly, the recipient of the letters written by the decedent, copies of which he gave to his attorney, could testify as to their contents and, possibly, produce the originals. The copies are consequently not confidential communications within the meaning of the statute and the attorney may testify regarding them. (*Baxter* v. *Baxter*, 92 Misc. 567, 570, 571; affd., 173 App. Div. 998.)

It follows that the exclusion of the documents was erroneous, and the proceeding may be restored to the calendar to permit of their introduction into evidence.

Proceed in conformity herewith.