Joseph A. Cox, S.
During the examination before trial in this contested probate proceeding objection was made to the introduction into evidence of an original pleading verified by the testator in a separation action which had been instituted against him by his wife, who is the witness under examination. The paper was produced by an attorney who represents the contestant in this probate proceeding. It is asserted by the proponent that, under the circumstances, the contents of the pleading constitute a privileged communication within section 353 of the Civil Practice Act. This might be true had the pleading, following its verification, never been served upon the attorneys for the adverse party but the paper was served, as evidenced by an admission of service, and, from that point on. *659 the divulged contents of the paper could not be regarded as a privileged communication between a client and an attorney.
In the course of the argument as to disclosure of the contents of the pleading, reference was made to the fact that papers filed in the Supreme Court in connection with the separation action had been produced upon the examination before trial pursuant to a subpoena duces tecum and an order of the Supreme Court which directed the County Clerk to comply with such a subpoena. The need for this order existed by reason of the provisions of rule 278 of the Buies of Civil Practice which restricts access to the records of matrimonial actions.
While this court is not in a position to make any definitive ruling as to the use which may be made of the Supreme Court papers, inasmuch as the examination along this line cannot be anticipated, it may be helpful at this time to say that certain facts respecting the separation action are within the scope of the examination heretofore granted by the order of this court and that the use of the filed papers, released by the Supreme Court, is not prohibited by statute or public policy. It has been suggested that disclosure of facts pertaining to the separation action might tend to disgrace the memory of the testator but this possibility does not constitute a basis for excluding testimony of a lay witness since the suggested objection is available only when an attorney is testifying pursuant to section 354 of the Civil Practice Act. The waiver of a privileged communication may be made only by the client, if living, but section 354 of the Civil Practice Act permits an attorney to testify, within a very limited area, as to matters which, but for the statute, would be privileged communications between the attorney and a deceased client. This statutory waiver does not extend to confidential communications which would tend to disgrace the memory of the deceased client but we do not presently have a situation to which section 354 of the Civil Practice Act is applicable. In the first place, the witness here under oral examination is not an attorney. In the second place, the documents which may be received in evidence are papers which are not privileged communications for the simple reason that whatever privilege may have existed with regard to the papers in the separation action was lost when such papers were served in that action. Proceed with the examination in accordance with the foregoing.