William T. Cowin, J.
In this action predicated upon the right of subrogation flowing from the terms of a liability policy, the defendants move for an order suppressing a statement taken from the defendant Josephine Engels, and for a protective order denying the plaintiff the right to use any of the disclosure procedures permitted under section 3101 et seq. of the Civil Practice Law and Rules.
The facts established that the defendant Josephine Engels was the owner of a vehicle involved in an accident. The vehicle was being driven by her mother, Mary Cava. The father, Anthony Cava, a passenger therein, sustained personal injuries and instituted suit against Josephine Engels, his daughter. During the course of the investigation and preparation for the trial, Josephine Engels furnished the plaintiff herein, her liability *50 carrier, and the attorney selected for her, pursuant to the contract between them, with a statement as to the fine operating and mechanical condition of the car. During the course of the trial the action was settled and judgment entered in favor of the father.
Prior to the institution of the present action, the mother died. The insurance company, the plaintiff herein, under the subrogation clause of its policy commenced an action against her estate and the distributees under her will, one of the named distributees being Josephine Engels. By way of an affirmative defense, the defendants now allege, in substance, that the vehicle was not in good operating and mechanical condition when it was turned over to the insured’s mother to use.
The plaintiff has served upon the defendant Josephine Engels a notice of examination before trial requiring that she produce all “ relevant books, papers and other things ” in her possession, custody or control. Apparently resulting from this notice of examination served upon her, the defendants have moved for the relief requested.
The basis of the defendants’ application is that the statement given by defendant Josephine Engels to her carrier or its legal department was given during a period when their relationship was that of attorney and client and accordingly it was a privileged communication which cannot be divulged or used in this action.
An examination of the notice of examination before trial served upon the defendants upon it face fails to reveal such intent upon the plaintiff’s part, although the defendants’ motion is predicated upon such assumption. The courts have consistently held that the proper time to assert the claim of privilege and seek its protection is by an objection upon the examination before trial or on the trial of the action (Kaplan v. Sacks, 8 A D 2d 731; Matter of Pennock v. Lane, 18 A D 2d 1043; Matter of Village of Lawrence [Hicks Development Corp.], 285 App. Div. 823).
Under the circumstances, the defendants ’ motion is premature.
In any event, it would appear that the statement given by the defendant Josephine Engels is not such a privileged communication as to warrant its suppression. While under normal circumstances a statement given by an insured to the attorney selected by the carrier or to the carrier itself has been held privileged in a suit between one of the parties and a stranger (Hollien v. Kaye, 194 Misc. 821, 825; Neugass v. Terminal Cab Corp., 139 Misc. 699; Cataldo v. County of Monroe, 38 Misc 2d 768), an exception to the attorney-client privilege rule is created where the action involves the insurer and its insured.
*51 In an analogous situation, the court in Shafer v. Utica Mut. Ins. Co. (248 App. Div. 279) held that a communication or statement given by an insured to an attorney designated by the insurer under the contract between them is not privileged. The attorney selected is counsel not only for the insured, but also acts as the attorney for the insurer. The court further held that to permit the insured to raise the statute as a defense under the circumstances stated therein, as in the instant case, where the insured made conflicting and contradictory statements, would be to use the statute as a sword and not as a shield, a use not condoned by the courts (cited with approval in Car & Gen. Ins. Corp. v. Goldstein, 179 F. Supp. 888, affd. 277 F. 2d 162).
When an attorney acts for two parties having a common interest, communications by the parties to the attorney are not privileged in a controversy between the same two parties. Such communication is deemed a relative but not an absolute confidence (8 Wigmore, Evidence [3d ed.], § 2312, p. 603; Wallace v. Wallace, 216 N. Y. 28). Accordingly, the motion is denied.