George M. Fanelli, J.
This is a motion for an order, pursuant to section 3101 of the Civil Practice Law' and Rules, directing two employees (one an “examiner” and the other an “ investigater ”) of an insurance company representing certain physician-defendants in this malpractice death action to appear for disclosure with respect to “ all the conversations, correspondence and consultation had with William S. Anapoell [now deceased] concerning the treatment, care and death of Paul Durdovic [plaintiff’s intestate], upon the ground that the said William S. Anapoell is now deceased * * * and directing that Employers Mutuals of Wausau, Gerald Wilson and Edwin Zoeller and produce upon said examination all relavent [sic] "books, records and papers, including hut not limited to all notes taken pertaining to consultations, conversations, conferences and correspondence with William S. Anapoell”.
The papers indicate that plaintiff has heretofore conducted an examination before trial of the said deceased defendant (Dr. Anapoell), consisting of some 40 pages of testimony, for the purpose of framing the complaints in this action, and said examination related primarily to the conduct and actions of Dr. Anapoell in connection with his treatment as an anesthetist of the plaintiff’s intestate during an operation from which said intestate did not survive.
The motion is denied in the exercise of discretion. Subdivision (c) of section 3101 protects the work product of an attorney and subdivision (d) grants a limited privilege for the work of an investigator or a party preparing for litigation (see Practice Commentary by Caesar L. Pitassy and William J. Ryan, and Legislature Studies and Reports). The case of Babcock v. Jackson (40 Misc 2d 757) relied upon by plaintiff in support of this motion, is factually distinguishable from the case at bar. In the Babcock case it appears without question that the deceased defendant (Mr. Jackson) had, prior to his death, signed a written statement and that such statement was in the *641 possession of the insurance company’s adjuster. Under the circumstances disclosed in that case, the court granted disclosure of the signed statement because of the peculiar circumstances which existed, bearing in mind that there were no witnesses to the accident and that other investigations made by the plaintiff were not too helpful because of the loss of certain notes and other information discovered by the investigating police department. However, in the case at bar, there is nothing in the moving papers to indicate that there are any notes in existence or that Dr. Anapoell did, prior to his death, sign a written statement for an insurance company and that such statement does now exist in the insurance company’s file. The relief sought by plaintiff upon this motion is vague and indefinite and is based on nothing more than bald conclusory assertions, and no factual showing has been made that there is any material now in existence which can no longer be duplicated because of a change in conditions, and that withholding it will result in injustice or undue hardship to plaintiff, as required by subdivision (d) of section 3101 of the Civil Practice Law and Eules. In the Babcock case there was a statement signed by the defendant prior to his death and this piece of evidence was known to be in existence at the time the motion for disclosure was made. To grant plaintiff the relief sought on this motion under the facts and circumstances revealed in the moving papers would amount to an unlimited and unwarranted excursion into the files prepared by the insurance company representing Dr. Anapoell, who is now deceased. Subdivision (d) of section 3101 presupposes that there is material in existence when the disclosure is sought, but such a finding is not warranted in this case upon the papers now before the court.