■ In the Matter of JACOB GREENFIELD, Deceased. CHARLES GREENFIELD et al., as Executors of JACOB GREENFIELD, Deceased, Appellants; CLARENCE A. BARACKS et al., Respondents.— In a proceeding pursuant to section 231-a of the Surrogate's Court Act, to fix the compensation of petitioner, an attorney, for legal services rendered by him to the decedent's estate, two of the executors of said estate appeal from a decree of the Surrogate's Court, Rockland County, rendered August 30, 1963 upon the Acting Surrogate's decision after trial, which fixed said compensation at $3,333 (which included disbursements of $83). Decree modified on the facts by reducing the allowance to $2,333; and, as so modified, affirmed, without costs. Findings of fact implicit in the decision of the Acting Surrogate which may be inconsistent herewith are reversed, and new findings are made as indicated herein. In our opinion, the sum of $2,250 (plus disbursements of $83) is fair and reasonable compensation for the work performed by petitioner in this estate. Ughetta, Acting P. J., Kleinfeld, Hill, Rabin and Hopkins, JJ., concur.

■ LIBERTY MUTUAL INSURANCE COMPANY, Respondent, v. JOSEPH ENGELS, as Executor of MARY CAVA, Deceased, et al., Appellants.— In an action arising out of an automobile accident, brought by an automobile liability insurance carrier, as subrogee of a claim of the insured owner of the automobile, for indemnity against the estate and distributees of the deceased driver thereof, the defendants appeal from an order of the Supreme Court, Kings County, dated December 10, 1963, which: (1) denied their motion for a protective order, pursuant to statute (CPLR 3103), so as to suppress (as allegedly privileged) a certain written statement given by defendant Josephine Engels; and (2) directed that the said defendant Josephine Engels and the defendant Anthony Cava appear for pretrial examination pursuant to a notice theretofore given. Order affirmed, with $10 costs and disbursements. Other considerations aside, it is our opinion that the privilege here asserted was waived when, in compliance with the demand served by defendants' attorney pursuant to statute (CPLR 3101, subd. [e]), the plaintiff's attorneys furnished the defendants' attorney with a copy of the allegedly privileged statement; and when such statement was submitted as an exhibit to the Special Term and as part of the record on appeal to this court (cf. People v. Ryan, 40 Ill. App. 2d 352; Matter of Warrington [State of New York], 277 App. Div. 1076, affd. 303 N. Y. 129; Matter of Krup, 173 Misc. 578; Baxter v. Baxter, 92 Misc. 567, 570, affd. 173 App. Div. 998; Matter of Saxl, 27 Misc 2d 658). The pretrial examination of the defendants Josephine Engels and Anthony Cava shall proceed on 10 days' written notice at the place specified in the order, or at such time and place as the parties may mutually fix by written stipulation. Kleinfeld, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur. [41 Misc 2d 49.]