James A. Roe, Jr., J.
This is a motion by the defendant for a protective order vacating plaintiffs’ notice of discovery and inspection of a statement given by the defendant to his own automobile liability insurance carrier and signed by him, describing the automobile accident out of which the instant action arose.
The motion is granted. Whether or not the statement is a privileged communication inasmuch as it was intended as a communication by the defendant to the attorney ultimately to be retained for him by his insurance carrier (cf. Hollien v. Kaye, 194 Misc 821; Liberty Mut. Ins. Co. v. Engels, 41 Misc 2d 49), it certainly was given in preparation for litigation. (CPLB 3101, subd. [d], par. 2.)
The right of an insurance carrier to require its insured to give a statement arises out of its contractual obligation to defend the insured against a possible claim that he is legally obligated to pay damages to some other person. An insured can only be found to be legally obligated to another person by means of litigation. Although many claims are settled by insurance companies prior to the institution of a lawsuit, an insurance company would be remiss in its duties if it settled a claim where there was no possibility of litigation. Even where unfounded claims are settled for their nuisance value, the settlement is made in order to avoid a lawsuit.
An insured is required by the terms of his insurance policy to co-operate with his insurer. Such co-operation includes the giving of reasonable statements. Such statements must be given whether or not the insurance coverage is sufficient to cover the insured’s total liability. It would be prejudicial to the insured if the statements he is obligated to give to his insurance company *35 were used by a third party to hold him liable for a sum in excess of the insurance coverage.
As material prepared for litigation, the statement is not obtainable unless the court finds that the material can no longer be duplicated because of a change in conditions and that withholding it will result in injustice or undue hardship. (CPLR 3101, subd. [d].) Such is not the case here.
Moreover, there is a special subdivision contained in CPLR 3101 which is titled “Party’s statement”. (CPLR 3101, subd. [e].) This subdivision provides that “A party may obtain a copy of his own statement.” (Emphasis supplied.) If the Legislature intended that a party obtain a copy of his adversary’s statement to his insurer or his own attorney, it would have so provided in this subdivision.
Furthermore, public policy dictates that such statements should not be discoverable. If the rule were otherwise, present practices of insurance companies would have to be changed to the extent that statements would not be obtained from insureds until after a lawsuit had been commenced. Accordingly, settlements, even in cases of clear liability, would be delayed and unnecessary litigation would result, with the consequential increase in the number of cases on the courts’ already overcrowded calendars.
Babcock v. Jackson (40 Misc 2d 757), cited by the plaintiffs, is neither controlling nor indistinguishable from the case at bar. In that case, the defendant had died and the material contained in the statement probably could no longer be duplicated. (See Durdovic v. Wisoff, 41 Misc 2d 639.)