■ OLD HOMESTEAD ENTERPRISES OF SARATOGA, INC., et al., Respondents, v WILLIAM R. HALL, JR. ENTERPRISES, INC., et al., Defendants, and MORRIS D. STRAUSS, Appellant. — Appeal from an order of the Supreme Court at Special Term (Mercure, J.), entered December 12, 1983 in Saratoga County, which

denied defendant Morris D. Strauss' motion for a protective order and granted plaintiffs' cross motion for an order compelling defendant Strauss to submit to an oral deposition and to produce certain documents. ¶ In 1980, there were negotiations between plaintiff and defendants for the purchase of premises known as the Old Homestead Country Kitchens. On August 25, 1980, Old Homestead Enterprises of Saratoga, Inc., a corporation owned and controlled by plaintiff Kenneth J. Renaud, conveyed the property by a purchase and sale agreement to defendant William R. Hall, Jr. Enterprises, Inc., a corporation owned and controlled by defendant William R. Hall, Jr. Defendant Morris D. Strauss, a lawyer, represented all parties involved in the negotiations. After execution of the contract, various differences arose which resulted in the foreclosure on the subject premises of a mortgage held by First National Bank of Scotia. Plaintiffs commenced this action asserting claims in conspiracy against defendants as well as a claim in legal malpractice against defendant Strauss. Defendants Hall, by their answer, interpose counterclaims against plaintiff Renaud which include breach of contract, fraud and indemnity for sales tax obligations incurred by defendants Hall. They also asserted cross claims for conspiracy and legal malpractice against defendant Strauss. ¶ For approximately one year after commencement of the action, defendant Strauss was the attorney of record for both himself and the defendants Hall. This representation was terminated by defendants Hall who are now represented by new counsel. ¶ For a considerable period of time, plaintiffs have endeavored to take the testimony of defendant Strauss at an examination before trial. Ultimately, defendant Strauss moved at Special Term for a protective order prohibiting plaintiffs from soliciting information of communications between himself and the various clients that he represented during the negotiations, claiming the attorney-client privilege. We need not determine whether the communications were privileged in view of the attorney's dual representation. It is well-settled law that even though such communications may have been privileged prior to the commencement of the litigation among the parties represented by defendant Strauss, they are not privileged in subsequent litigation between such parties (*Wallace v Wallace,* 216 NY 28, 36; *Matter of Friedman,* 64 AD2d 70, 84; *Shafer v Utica Mut. Ins. Co.,* 248 App Div 279, 289; *Liberty Mut. Ins. Co. v Engels,* 41 Misc 2d 49, 51, affd 21 AD2d 808; Richardson, Evidence [10th ed], § 413, pp 408-409; Applicability of attorney-client privilege to evidence or testimony in subsequent action between parties originally represented contemporaneously by same attorney, with reference to communication to or from one party, Ann., 4 ALR4th 765). ¶ Special Term concluded that the attorney-client privilege is inapplicable under the circumstances of this case and we agree. However, defendants Hall point out that Special Term's order could be misinterpreted so as to direct disclosure of their confidential communications with defendant Strauss after commencement of the action while Strauss was their attorney of record. No claim of malpractice is made against Strauss for his representation of defendants Hall during the litigation. Consequently, in order to eliminate any confusion, the order should be modified so as to protect defendants Hall from a disclosure of confidential communications during the course of this litigation. ¶ Plaintiffs cross-moved for an order compelling defendant Strauss to submit to an oral deposition and to produce certain documents. We find Special Term's grant of that request to be proper. ¶ Order modified, on the law, without costs, by adding thereto a provision limiting the scope of discovery of communications between plaintiffs and defendants to those occurring prior to the commencement of this action, and, as so modified, affirmed. Mahoney, P. J., Kane, Main, Levine and Harvey, JJ., concur.