EIGENHEIM BANK, Plaintiff,

v.

Colin HALPERN and NPS Corp., Defendants.

No. 83 Civ. 7933 (SWK).

United States District Court, S.D. New York.

Dec. 7, 1984.

Hall, McNicol, Hamilton & Clark by Ronald S. Herzog, New York City, for plaintiff.

Slade & Pellman by Anthony P. Coles, New York City, for defendants.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

The above-captioned action is before this Court upon defendants' motion, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for an order compelling plaintiff to return a document allegedly subject to the attorney-client privilege and upon plaintiff's cross-motion, pursuant to Rule 37, for an order compelling defendant Halpern to answer certain questions regarding the document. For the reasons stated below, defendants' motion is denied and plaintiff's motion is granted.

## BACKGROUND

Plaintiff is the alleged holder in due course of a promissory note. Defendant Halpern was the maker of the note, payment of which defendant NPS Corp. guaranteed. Plaintiff initiated this lawsuit after defendants apparently asserted that the note was not their obligation.

In February, 1984, in the course of discovery in this action, defendants produced 712 pages of documents in response to plaintiff's First Set of Interrogatories. (Affidavit of Ronald S. Herzog dated September 24, 1984, ¶ 5 ("Herzog Aff.")). Thereafter, plaintiff ascertained that two substantially identical lawsuits had previously been brought against these defendants. (Herzog Aff., ¶ 6) Based upon this similarity, plaintiff requested the documents produced by defendants in those cases, as well as copies of any depositions of the defendants. (Herzog Aff., ¶ 7) Defendants produced the transcripts of Halpern's depositions in those cases. (*Id.*)

On August 15, 1984, after reviewing the depositions from those cases, plaintiff requested the production of thirty specific additional documents. (Herzog Aff., ¶ 8) Of these thirty documents, twenty-two had been identified during the deposition of Halpern in one of the earlier cases. (*Id.*) One of those twenty-two is the document in question here.

The document is a draft of a proposed letter, not on letterhead, prepared by Halpern with his corporate counsel. (Affidavit of Anthony P. Coles dated September 19, 1984, ¶ 2 ("Coles Aff.")). The document contains hand-written notations of Halpern and counsel, and is a preliminary draft for a letter that was never finalized or sent. (*Id.*)

Apparently, this document was disclosed in connection with a deposition that was taken of defendant Halpern in one of the previous cases (*Volksbank Hamm v. Halpern and NPS Corp.*, 82 Civ. 1273 (S.D.N.Y.)). When the document was introduced at the deposition, defendant Halpern claimed that it had been produced inadvert-

ently and asserted his privilege and declined to answer questions concerning the document. (Coles Aff., ¶ 3) The plaintiff in that case made no further use of the document, nor was the issue pursued at the deposition. Subsequently, the *Volksbank* documents were placed in defendants' attorneys' files, segregated from any other documents, subject to an agreement of confidentiality with plaintiff in that case. (*Id.*)

In response to plaintiff's request for the thirty additional documents, on September 4, 1984, defendant produced the twenty-two documents that had been identified at the *Volksbank* deposition. (Herzog Aff., ¶ 9) These twenty-two documents consist of approximately twenty-five pages and include the document which defendants now claim is privileged. (Id.) Defendants did not indicate in any way at the time of their September 4 response that they believed any of the twenty-two documents was privileged. Nonetheless, on September 17, 1984, when plaintiff sought to use the document at a deposition of defendant Halpern, Halpern stated that he considered this document to be privileged, and refused to answer any questions concerning the document. (Herzog Aff., ¶ 11)

Defendants now claim that this allegedly privileged document was again produced inadvertently. (Coles Aff., ¶ 5) Thus, defendants urge this Court to rule that the document is privileged and that the attorney-client privilege with respect to this document was not waived in this case. Defendants further request that plaintiff be compelled to return or destroy that document. Plaintiff urges this Court to rule that the document is not privileged or that any privilege was waived, and to compel Halpern to answer certain questions concerning the document.

## DISCUSSION

The parameters of the claimed privilege in this diversity action are defined by state law. Fed.R.Evid. 501. The attorney-client privilege in New York is governed by section 4503 of the New York Civil Practice Law and Rules ("CPLR"); however, it is deeply rooted in common law. *See People v. O'Connor*, 85 A.D.2d 92, 447 N.Y.S.2d 553, 556 (4th Dep't 1982).

 The existence of such a privilege is based upon a policy of encouraging openness and full disclosure between a client and his or her attorney. *See Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981); *Priest v. Hennessy*, 51 N.Y.2d 62, 67–68, 431 N.Y.S.2d 511, 513–514, 409 N.E.2d 983 (1980). Nonetheless, the application of the privilege serves to exclude reliable evidence and, often, to block the truth-determining processes of the courts. *Priest*, 51 N.Y.2d at 68, 431 N.Y.S.2d at 514, 409 N.E.2d at 985–86; *In re Jacqueline F.*, 47 N.Y.2d 215, 219, 417 N.Y.S.2d 884, 886–87, 391 N.E.2d 967 (1979). Since the attorney-client privilege stands in derogation of the overriding interest in full disclosure of all competent evidence and intrudes upon the ascertainment of truth, it should be "strictly confined within the narrowest possible limits consistent with the logic of its principle." *In re Horowitz*, 482 F.2d 72, 81 (2d Cir.1973) (*quoting*, 8 Wigmore, Evidence § 2291, at 554 (McNaughton rev.1961)). *See also Priest*, 51 N.Y.2d at 68, 431 N.Y.S.2d at 514, 409 N.E.2d at 985–86; *In re Bekins Storage Co.*, 118 Misc.2d 173, 460 N.Y.S.2d 684, 690 (Sup.Ct.N.Y.Co.1983).

The specific formulation of the privilege, as set out in section 4503 of the CPLR, provides, in relevant part, as follows:

> Unless the client waives the privilege, ... any person who obtains without the knowledge of the client evidence of a confidential communication made between the attorney ... and the client in the course of professional employment, shall not ... be allowed to disclose such communication.

N.Y.Civ.Prac.Law § 4503 (McKinney 1963) (Supplementary Pamphlet 1964 to 1983).

As that section indicates, a privilege, once established, exists "[u]nless the client waives" it. Assuming *arguendo* that this document is privileged, plaintiff argues that defendants waived the privilege by producing it without any reservation of

privilege. Thus, the Court will examine whether defendants waived any privilege which might obtain for this document first.

■ Voluntary production of a purportedly privileged document to a third party (*i.e.*, neither the attorney nor the client) removes all confidentiality from the document and clearly effects a waiver of any privilege otherwise applicable. Defendants argue that the document was produced inadvertently. Defendants urge this Court to follow the rule that mere inadvertent production of a privileged document does not effect a waiver of the attorney-client privilege. *E.g.*, *Data Systems of New Jersey, Inc. v. Philips Business Systems, Inc.*, No. 78 Civ. 6015, slip op. (S.D.N.Y. January 8, 1981); *Connecticut Mutual Life Ins. Co. v. Shields*, 18 F.R.D. 448 (S.D.N.Y. 1955).[1] Thus, the issue presented here, as in all cases in which a party claims that a document was produced inadvertently, is whether the production of the document was under such circumstances as to constitute "mere inadvertence."

This is not a case in which the document was produced as part of a voluminous production,[2] nor is this a case in which defendants opened their files to plaintiff without opportunity to first determine which documents were subject to the attorney-client privilege. Rather, this document was identified as privileged by defendants in a previous litigation and it is unclear to me why, at that time, care was not taken to protect the document's confidentiality. "One measure of [a document's] continuing confidentiality is the degree of care exhibited in [its] keeping, and the risk of insufficient precautions must rest with the party claiming the privilege." *United States v. Kelsey-Hayes Wheel Co.*, 15 F.R.D. 461, 465 (E.D.Mich.1954).

■ This document was kept segregated with other confidential documents by defendants' attorneys. Yet, it was produced. This document was *specifically* requested as one of only thirty documents. Yet, defendants produced it without asserting its purported privilege. This document had once before been produced (inadvertently) and the privilege only asserted at the last minute. Yet it *once again* was produced here. Defendants claim simply that the document's production was inadvertent. Defendants apparently blame the fact that discovery in this case was handled expeditiously. That is no excuse. I simply cannot agree with defendants that their conduct constituted mere inadvertence. The procedure followed by defendants with regard to maintaining the confidentiality of this document was " 'so lax, careless, inadequate or indifferent to consequences' as to constitute a waiver." *Data Systems of New Jersey, Inc. v. Philips Business Systems, Inc.*, No. 78 Civ. 6015, slip op. (S.D. N.Y. Jan. 8, 1981) (*quoting National Helium Corp. v. United States*, No. 158–75, slip op. at 3–4 (U.S.Ct. Claims Feb. 2, 1979)). The Court may have been willing to find mere inadvertence in defendants' first production of the document. A second bite of the apple, however, defendants cannot have. Given the need to *limit* the

---

1. Defendants do not cite a single case applying this rule expressly under New York law, but then again, defendants do not even indicate any recognition that New York law governs this dispute. Since New York courts rely, to some extent, on federal law and other states' formulations of the privilege, *see People v. Calandra*, 120 Misc.2d 1059, 467 N.Y.S.2d 141, 142 (Sup.Ct.N.Y.Co.1983) (adopting federal courts reasoning that submission of documents to government agency without reservation of privilege waives that privilege), this Court will accept defendants' citations of authority as persuasive and hold that New York courts would, if presented with the question, hold that "mere inadvertent" production does not effect a waiver.

2. Defendants' attempt to bring this case within the holding of *Data Systems of New Jersey, Inc. v. Philips Business Systems, Inc.*, No. 78 Civ. 6015, slip op. (S.D.N.Y. January 8, 1981) (one document among nine transfiles containing thousands of documents; held privilege not waived), by arguing that this is only one document among approximately 900 produced (Coles Aff., ¶ 1), is disingenuous at best. As discussed in the text, defendants produced this document pursuant to a specific request, encompassing only twenty-nine other documents (of which apparently eight were withheld), made long after the bulk of document discovery had been completed.

scope of the privilege, this Court will not countenance defendants' attempt to affirmatively use their carelessness to recover a privilege once lost. *Cf. Liberty Mut. Ins. Co. v. Engels*, 41 Misc.2d 49, 244 N.Y.S.2d 983, 986 (Sup.Ct. Kings Co. 1963) (privilege is a shield, not a sword), *aff'd*, 21 A.D.2d 808, 250 N.Y.S.2d 851 (2d Dep't 1964).

Accordingly, this case is within the rule in New York that once a document is produced without reserving any purportedly applicable privileges, those privileges are waived.[3] *See People v. Calandra*, 120 Misc.2d 1059, 467 N.Y.S.2d 141, 142–43 (Sup.Ct.N.Y.Co.1983); *Teachers Ins. and Annuity Ass'n of America v. Shamrock Broadcasting Co.*, 521 F.Supp. 638 (S.D.N. Y.1981).

Defendants' motion to compel return of the document must therefore be DENIED. Likewise since defendants' have no objection based on privilege to answering questions regarding the document, plaintiff's motion to compel answers is hereby GRANTED.

SO ORDERED.

---

**3.** Since I hold that any privilege was waived, I need not reach the question whether the document was privileged in the first instance.