■ VINCENT FERRARACCIO, Respondent, v HARTFORD INSURANCE COMPANY, Appellant. (Appeal No. 1.)—Order reversed on the law without costs, motion denied and affirmative defenses reinstated. Memorandum: Supreme Court erred in striking the affirmative defenses asserted by defendant in this action to recover for damages under a policy of fire insurance. The court held that defendant could not raise the defenses of arson and misrepresentation because it had previously denied coverage on another ground. "[T]he general rule is that an insurer which denies liability on a specified ground may not thereafter shift the basis for its disclaimer to another ground known to it at the time of its original repudiation * * * The vast majority of jurisdictions recognize, however, that this rule of estoppel is limited in its application to those instances where the insured has suffered some degree of prejudice as a result of the insurer's attempt to shift its defense from one basis to another" (Guberman v William Penn Life Ins. Co., 146 AD2d 8, 11-12). Here, when defendant originally disclaimed coverage, it expressly reserved its right to assert all other defenses it might have. Thus, under all of the circumstances, "[w]hether the plaintiff has suffered a degree of prejudice significant enough to warrant the imposition of an estoppel is a question of fact, as is the question of whether the defendant's affirmative defense[s] will ultimately prove to be meritorious" (Guberman v William Penn Life Ins. Co., supra, at 14).

■ VINCENT FERRARACCIO, Respondent, v HARTFORD INSURANCE COMPANY, Appellant. (Appeal No. 2.)—Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied defendant's motion to quash the subpoena of defendant's claim file. Defendant waived any privilege that may have attached to its file when it turned it over to plaintiff's criminal defense attorney and to the Grand Jury without specifically reserving its right to claim the privilege in

subsequent proceedings *(see, People v Calandra,* 120 Misc 2d 1059; *United States v Krasnov,* 143 F Supp 184, 190-191, *affd* 355 US 5, *reh denied* 355 US 908). (Appeal from Order of Supreme Court, Erie County, Gorski, J.—Quash Subpoena.) Present—Callahan, J. P., Boomer, Pine, Boehm and Doerr, JJ.